SIDNEY MITCHELL, JR., Respondent, *v.* BENTON TURNER, Appellant.

1. TRIAL — EXCEPTION TO RULING. When, on a trial, the court voluntarily allows an exception to a ruling, the party ruled against is not required to formally state that he excepts, in order to avail himself of an error in the ruling.

2. REQUESTS TO CHARGE. When requests to charge are few in number, each brief and simple, so that there is no confusion owing to a multitude of propositions, a request, which, in clear and precise words, states the true legal rule of the case in such a form that the court can properly charge it without qualification, should be so charged as to convey the same ideas without doubt or confusion, in such language as the trial judge may see fit to use.

3. NEGLIGENCE — CAUSE OF ACCIDENT — LIABILITY OF DEFENDANT — REQUEST TO CHARGE. Where, in an action for damages for a personal injury sustained through the running away of a horse driven by the plaintiff, the acts of the defendant relied upon as creating a liability were the erection of a tent and the building of a fire in the highway, whereby the plaintiff claimed that the horse became frightened, *held*, that the

defendant was entitled to have the jury instructed, either literally or substantially, that the plaintiff could not recover without proof to their satisfaction that the frightening of the horse was the cause of the accident.

*Mitchell* v. *Turner*, 78 Hun, 609, reversed.

(Argued March 11, 1896; decided April 7, 1896.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made May 8, 1894, which affirmed a judgment in favor of plaintiff entered upon a verdict.

This was an action to recover damages from the defendant for wrongfully erecting a tent in the public highway and negligently leaving it there and thereby causing a horse driven by the plaintiff to become so badly frightened as to overturn the wagon, throw the plaintiff out and inflict serious injuries upon his person.

The defendant by his answer pleaded a general denial and alleged that whatever injuries the plaintiff sustained were caused by his own negligence in driving a vicious horse at an immoderate rate of speed around a sharp angle in the highway.

The facts, so far as material, appear in the opinion.

*T. F. Conway* for appellant. It was error to deny defendant's motion for a non-suit. (*Searles* v. *M. R. Co.*, 101 N. Y. 661; *Malone* v. *B. & A. R. R. Co.*, 51 Hun, 532; *Ring* v. *City of Cohoes*, 77 N. Y. 83–88; *Grant* v. *P. & N. Y. C. & R. R. Co.*, 133 N. Y. 657.) The refusal of the court to charge as requested by the defendant that the plaintiff could not recover without proof to the satisfaction of the jury that the frightening of the plaintiff's horse was the cause of the accident was error for which the judgment should be reversed. (*Button* v. *H. R. R. R. Co.*, 18 N. Y. 248; *Harlow* v. *Humiston*, 6 Cow. 189; *Dygert* v. *Schenck*, 23 Wend. 446; *Congreve* v. *Smith*, 18 N. Y. 79; *Champlin* v. *Vil. of Penn Yan*, 34 Hun, 33; *Morce* v. *Richmond*, 41 Vt. 435; *Dimock* v. *Suffield*, 30 Conn. 159; *Littlejohn* v. *Richardson*, 32 N. H. 56; *Chamberlin* v. *Edenfield*, 43 N. H. 358; *Winship* v. *Edenfield*, 65 N. H. 197.)

*G. H. Beckwith* for respondent    The denial of defend-
ant's motion for non-suit is not sufficient ground for a reversal.
(*Eckert* v. *L. I. R. R. Co.*, 43 N. Y. 502; *Guille* v. *Swan*, 19
Johns. 381; *Thomas* v. *Winchester*, 6 N. Y. 397; *Mitchell* v.
*Cody*, 26 N. Y. Supp. 781.)  The denial of defendant's motion
for a new trial upon the court's minutes is not sufficient ground
for a reversal of the judgment. (*Holmes* v. *Jones*, 69 Hun, 351;
*Huckle* v. *Mooney*, 2 Wils. 206; *Hegeman* v. *W. R. R. Co.*,
16 Barb. 359; *Gale* v. *N. Y. C. & H. R. R. R. Co.*, 13 Hun,
1; *Ransom* v. *N. Y. & E. R. R. Co.*, 15 N. Y. 415; *Walker*
v. *E. R. Co.*, 63 Barb. 260; *Groves* v. *City of Rochester*,
39 Hun, 5; *Langley* v. *S. A. R. R. Co.*, 16 J. & S. 542;
*Chrystal* v. *T. & B. R. R. Co.*, 105 N. Y. 164.)  There was
no error in the charge of the court for which the verdict
should be set aside or the judgment reversed. (*Moore* v.
*Batten*, 25 N. Y. Supp. 141; *Roberts* v. *Tobias*, 120 N. Y.
1; *Cudahy* v. *Rhinehart*, 133 N. Y. 248; *Butterfield* v. *For-
rester*, 11 East, 60; *Manger* v. *Harrison*, 14 Wkly. Dig. 201;
*Wheaton* v. *Andress*, 23 Wend. 452; *Congreve* v. *Smith*, 18
N. Y. 82; *Grissler* v. *Powers*, 81 N. Y. 57; *Lamming* v.
*Galusha*, 135 N. Y. 242.)

VANN, J.  On the ninth of June, 1891, about ten o'clock
at night, the plaintiff was driving a single horse attached to
an open buggy, in an easterly direction, on a public highway
leading from the village of Redford to the village of Saranac.
At a point where the road turns to the north, at nearly a right
angle, his buggy was overturned and he was thrown out with
such violence that his leg was broken and other injuries
inflicted upon him of a serious character.  About two or three
rods west of the bend in the road the defendant had caused a
large white tent to be erected in the highway, south of the
centre thereof, for the accommodation of his workmen
engaged in running logs in the Saranac river.  At the time
of the accident there was a fire burning in front of the tent,
which faced to the east, but it was not visible to a traveler

approaching from the west, because the tent hid it from view. On the northern boundary of the road, opposite to the side of the tent, there was an ordinary rail fence, and at the corner, where the road turned, the third rail from the bottom projected into the street eighteen inches farther than the rest.

The evidence in behalf of the plaintiff tended to show that the night was dark and he was driving a gentle horse, carefully and slowly, in ignorance of the tent or the fire, until he came where they were visible, when the horse became frightened, sprang to the north, then dashed ahead and became unmanageable. As he turned around the corner one of the wheels struck the fence, the wagon tipped over, the plaintiff was thrown upon some stones and severely injured.

The evidence in behalf of the defendant tended to show that the horse was young, wild and vicious, and that the accident was owing either to reckless driving on a dark night, at first down a heavy grade and then around a sharp corner where the projecting rail tipped the wagon over, or else to the fact that the horse was running away and was beyond control before he reached the tent. At the close of the evidence and before the charge, the counsel for the defendant requested the court to instruct the jury "that the plaintiff could not recover without proof to the satisfaction of the jury that the frightening of the plaintiff's horse was the cause of the accident." At the same time another request was presented by the defendant in relation to the law upon the subject of contributory negligence, which is not now material. The trial judge thereupon said that he declined to charge either of these propositions in the language of counsel, and added: "I shall adopt a part of the law as you state it, but not to the full extent as you desire it. I give you an exception to both your requests to charge."

The plaintiff's counsel claims that no exception was taken to the refusal of the court to charge as requested, and that, hence, even if the ruling was wrong, error cannot be founded upon it. While it is true that no exception was taken *ipsissimis verbis*, as one was allowed by the court without request, it was unnecessary for counsel to expressly except under such circum-

stances.    When the court voluntarily allows an exception to a
ruling made, the object of the statute regulating the practice
in that regard is satisfied, and the party ruled against is not
required to go through the idle ceremony of formally saying,
" I except."    An exception "is a protest against the ruling of
the court upon a question of law;" and if the court antici-
pates the protest and itself announces it, the function of an
exception is performed without action by counsel. (*Sterrett*
v. *Third National Bank*, 122 N. Y. 659, 662; *Chapman* v.
*McCormick*, 86 N. Y. 479, 481.)

We think that the defendant was entitled to have the jury
instructed, either literally or substantially, in accordance with
the request presented to the court.    The plaintiff had no right
to recover damages unless they were caused by an act of the
defendant.    The only acts of the defendant relied upon were
the erection of the tent in the highway and the building of
the fire in front, and if those acts caused the horse to become
frightened and the frightening of the horse was the cause of
the accident, the defendant is responsible.    If, however, the
plaintiff's misfortune was not caused by the frightening of the
horse, but was owing to fast driving around the sharp turn in
the road, or to the fact that the horse was running away with-
out having been frightened by the tent and fire, the defendant
is not responsible, and there can be no recovery against him.
The defendant was, therefore, entitled to have the jury plainly
told that, unless the frightening of the horse was the cause of
the accident, the plaintiff could not succeed.    This was not
done by the learned trial judge, doubtless through inadvert-
ence, as appears from the following extract from the charge,
which was substantially the only instruction upon the subject
embraced in the request, viz.: " He (the plaintiff) says he was
driving a young horse along this night, feeling secure, and was
holding him with care because it was a very dark night, and,
as he expressed it, he could hardly see the traveled track of
the road, when he suddenly comes upon this tent by the side
of the road at a distance of some feet, plaintiff claiming that
it was only a few feet away, and the defendant claiming that

it was nineteen away, beyond that a fire designed to supply the food for the use of these persons who were driving logs and working for the defendant; that the horse, as the evidence shows in this case, was somewhat of a high-spirited horse. He was a young horse, and that notwithstanding the grasp which he had on the reins; notwithstanding that he was walking the horse slowly, the horse mastered him, jumping from the road, and, in his fright and alarm, not heeding the reins, and not being able to hold him, overturned the buggy; he was thrown out, and the serious injuries which came to him then and there were inflicted by the fault of this defendant.

"That, in short, is the theory of the plaintiff, and upon which he asks a recovery. Gentlemen, the evidence is such in this case that if you find that his theory is sustained by the evidence, you may find that the defendant is responsible for this wrong, and that he must respond to the plaintiff for his damages."

This was not a compliance with the request, for it does not exclude every cause except "the frightening of the horse." That essential fact is not referred to as the cause of the accident, but is alluded to incidentally and is so blended with other ideas as to leave it doubtful what bearing "the fright" of the animal had upon the right to recover. Yet this was the theory upon which the jury were told that a recovery could be based. Later in the charge the court said: "If he was driving recklessly that night and that was the way the accident happened, and that was the direct cause of the accident, the plaintiff cannot recover. If the injury was occasioned while he was driving carefully by reason of the proximity of the tent and the fire, then you are at liberty to find for the plaintiff." This language was doubtless used with reference to the question of contributory negligence. While it may have involved the frightening of the horse as the cause of the accident, it did so only by way of implication and argument and did not bring plainly before the minds of the jury the cause mentioned in the request as the only ground upon which a recovery could be had. The court did not

announce as the law governing the case that unless the frightening of the horse caused the accident, the plaintiff was not entitled to a verdict.   While a jury of bright men might have inferred that this was the meaning of the court, the defendant had the right to a plain statement upon the subject that left nothing to inference.   The request excluded every cause except the frightening of the horse, but nowhere in the charge was that said even in substance.   The vital fact was not brought to the consideration of the jury unless by implication, and that is not enough, for they may, or may not, have correctly inferred what the court meant.

The defendant presented but two requests, each brief and simple, so that there was no confusion owing to a multitude of propositions.   The request under consideration, in clear and precise words, stated the true legal rule of the case in such a form that the court could have properly charged it without qualification, and it should have been so charged as to convey the same ideas without doubt or confusion, but in such language as the judge saw fit to use.

For the reason that this was not done, as we think, the judgment should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed. _____