sufferings having their cause in the original injury. In the McClain Case, Judge Bradley, speaking for the Second division of the court of appeals, declared that the judgment of medical experts as to the probable consequences of an injury comes within the rule of reasonable certainty, and therefore of admissibility in this class of actions, and said that the Strohm Case was not in conflict with the earlier ones holding that evidence of the probable results of an injury was competent. In the Alberti Case, in which the prevailing opinion was written by Judge Haight, it was held proper to receive the testimony of a physician as to the length of time that the injured plaintiff would live, where the witness based his answer upon the history of similar cases. These authorities fully sustain the rulings of the court in the case at bar. It should be observed, however, that, even if those rulings had been erroneous, they could have done very little, if any, harm to the appellant, in view of the fact that the physician who had treated the plaintiff expressed a pretty distinct opinion that he would recover from the injury.

The only other point is the claim that the damages were excessive. The verdict certainly was liberal, but, in view of the fact that the plaintiff required medical attendance for a period of five weeks, I do not think that this court would be justified in interfering with it.

The judgment and order appealed from should be affirmed, with costs. All concur.

---

(1 App. Div. 240.)

DE WARDENER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. February 4, 1896.)

PERSONAL INJURIES—EXCESSIVE DAMAGES.

    A verdict of $25,000 for a serious injury to the left arm, permanently impairing its usefulness to a great extent, causing much suffering, and necessitating an expenditure of $3,500 for surgical and medical treatment, is excessive, no loss of earnings being shown, and it not being proved that there was any permanent injury other than that to the arm, though plaintiff testified that prior to the accident he was able to walk 10 or 12 miles of a morning, and was a great reader, but that thereafter a walk of 2 or 3 miles made him very tired, and he could not read three pages before he got very tired, and he did not know what he was reading, and that he had become very irritable, whereas he was formerly very good-natured.

Appeal from circuit court.

Action by Rudolph De Wardener against the Metropolitan Street-Railway Company for personal injuries. From a judgment on a verdict of $25,000 for plaintiff, and an order denying a motion for new trial, defendant appeals. Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, and HATCH, JJ.

Thomas S. Moore, for appellant.

George Zabriskie, for respondent.

BARTLETT, J. The only question which this court is called upon to decide on the present appeal is whether or not the damages awarded to the plaintiff by the jury were excessive. The judgment

was not assailed on any other ground in the oral argument, nor is any other reason for reversal suggested in the brief of the counsel for the appellant.    I think the amount of the verdict plainly exceeds any sum which could fairly be regarded as compensation for the injuries which the plaintiff sustained.    His left arm was badly injured, and its usefulness to a great extent permanently impaired. A difficult surgical operation became necessary, and the plaintiff, in the course of his illness, was compelled to undergo much suffering. For all this he was entitled to be compensated, and the fact that the jury has given even very liberal compensation in such a case does not warrant the court in setting aside the verdict.    For his expenditures on account of surgical and medical treatment, amounting to $3,497.85, the plaintiff was also entitled to be repaid.    According to the plaintiff's testimony, he was able to walk 10 or 12 miles of a morning prior to the accident, but since he was hurt a walk of 2 or 3 miles made him very tired.    Before the accident he was a great reader, but at the time of the trial he could not read three pages, because he got tired, and did not know what he was reading.    He was very good-natured formerly, but now he had become very irritable, and small matters irritated him very much.    While these matters were entirely proper for the jury to take into consideration in assessing the damages, it is to be noted that there is no evidence whatever as to the probable duration of the nervous and mental conditions thus described by the plaintiff, assuming that they were the result of the injury caused by the negligence of the defendant.    The amount of the verdict indicates that the jury acted on the assumption that such conditions were permanent, or would be permanent, although there was no proof of that fact.    No loss of earnings was shown, and the only permanent injury established by the proof was that to the arm already mentioned.    Under these circumstances, it seems to me impossible to resist the conclusion that the jury, in assessing the damages at $25,000, must have been actuated, to a very considerable degree, either by sympathy for the plaintiff or a desire to punish the defendant.    If they were induced, by either feeling, to add anything to the amount of their verdict, it would be, to that extent, excessive.    It is not only the power, but the duty, of this court to set aside a verdict, in an action to recover damages for personal injuries, where that sum awarded by the jury has been enlarged beyond the measure of compensation as the result of sympathy and prejudice.    Houghkirk v. Canal Co., 92 N. Y. 219.

After a very careful consideration of all the evidence in this case relating to the injuries sustained by the plaintiff, I am satisfied that a verdict which awarded him $15,000 in addition to the expenses which he incurred for surgical and medical treatment would have gone to the verge of permissible liberality in the assessment of damages in such an action as this.

I think the judgment should be reversed, and a new trial granted, unless the plaintiff stipulates to reduce the verdict to $18,497.85. All concur.