GEORGE I. PAGE, Respondent, v. THE PRESIDENT, MANAGERS AND COMPANY OF THE DELAWARE AND HUDSON CANAL COMPANY, Appellant.

*Action for personal injuries — proof required to justify the allowance of damages for the expense of medical attendance past and future.*

In an action to recover damages for personal injuries the plaintiff is only entitled to nominal damages for the expense of medical attendance, in the absence of evidence showing what the medical attendance was and the amount of it; and where a claim is made for future pecuniary loss on account of expenses to be incurred for medical services, evidence should be given showing a reasonable certainty that such services will be needed, their probable duration, their character, their frequency and their value.

APPEAL by the defendant, The President, Managers and Company of the Delaware and Hudson Canal Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Broome on the 15th day of February, 1898, upon the verdict of a jury for $7,000, and also from an order entered in said clerk's office on the 13th day of December, 1897, denying the defendant's motion for a new trial made upon the minutes.

*Lewis E. Carr* for the appellant.

*Wales & Wilber*, for the respondent.

PARKER, P. J.:

The plaintiff in this action seeks to recover against the defendant for a personal injury which, he claims, was caused by one of its employees negligently opening a switch and allowing an engine to back down against a car he was helping to unload. The defendant does not deny that it is liable to respond in damages to the extent of his injuries, but it claims that the verdict which was rendered against it upon the trial was grossly excessive, and that such verdict was rendered because of many erroneous rulings made upon the trial. A large amount of medical evidence as to the extent and effect of the injury, and as to the physical condition of the plaintiff, was given, much of it under the defendant's objection. One of the effects of the injury, which is specified in the complaint as "possibly a slight

concussion of the spine," upon the trial assumed a very prominent position, and was one of the principal reasons for claiming a large amount of damages. The verdict rendered was for $7,000, and from the judgment entered thereon this appeal is taken.

In charging the jury as to the damages which, if they reached that question, they should allow to the plaintiff, the trial judge, among other things, said : " If injured upon that occasion it is your duty to award to him a sum sufficient to compensate him for proper and necessary medical expenses from the time he was injured until the present time ; and if you believe from the evidence that there is a reasonable certainty that he will require medical attendance in the future, to compensate him for that prospective future expense." To this charge the defendant excepted, and, in connection with the exception, asked the judge to charge as follows : " That there can be no recovery for medical attendance in the past or in the future without some evidence as to what the medical attendance was and the amount of it." The judge declined to charge as requested, and the defendant excepted.

This charge refers to expense for medical attendance already incurred, and for such as might with reasonable certainty be expected to be incurred in the future.

Undoubtedly expense for medical attendance necessarily incurred is one of the elements of damage in a case like this, but it is the rule that " where the loss is pecuniary, and is present and actual and can be measured, but no evidence is given showing its extent, or from which it can be inferred, the jury can allow nominal damages only." (*Leeds* v. *Met. Gas Light Co.*, 90 N. Y. 26, 29.) " Where actual pecuniary damages are sought, some evidence must be given showing their existence and extent." (Id. 30.)

The reason of the rule is obvious. The speculations and guesses of a jury should not be substituted for facts which may be satisfactorily proven.

In the case at bar it appears that four different physicians had examined the plaintiff on different occasions. As to one of them, Dr. Walling, it appeared that, up to the time of the trial, he was still attending him more or less. As to the value of the services rendered by these gentlemen, I do not discover that there is any proof upon that subject, except that Dr. Walling's bill for services,

up to November 15, 1895, stating the charges therefor, was presented to the defendant, accompanied by a letter saying that such services were rendered upon the order of the superintendent of the company. There is no proof that the plaintiff had ever paid anything on account of the services of these several physicians, nor that the attendance of all of them was necessary.

As to medical attendance, and the expenses therefor which, with reasonable certainty, were to be expected in the future, while it appeared that the existing injuries under which plaintiff was suffering might become permanent, I do not discover any evidence showing that future medical services would be necessary, nor has my attention been called to any. No evidence showing the character of treatment, if any, that might reasonably be expected to be needed was given, nor the amount thereof.

As to the services already rendered, it is manifest that the jury were given no data upon which to fix the amount of expense that had been reasonably incurred by plaintiff on account of them. So, with reference to the medical services yet to be expected, no data whatever was given them upon which to base the plaintiff's compensation for the same. True, for such services, it could not be fixed with the accuracy that it could for those already rendered, but some proof, at least, might have been given by the expert witnesses who testified as to the permanent character of the injury, not only whether medical services would thereafter be needed, but also as to their character, their probable duration and value.

In *Staal* v. *Grand St. & Newtown R. R. Co.* (107 N. Y. 625) the plaintiff claimed damages for pecuniary loss resulting from diminution in his ability to labor in the future. Although there was no evidence in the case of his earning capacity, or of facts from which it might be inferred, the trial judge charged that they might take such loss into account as a distinct item of his damages. In reversing the judgment on account of error in the charge, the Court of Appeals say: "Before damages for future pecuniary loss can be awarded, there should be some proof such as a party can always give of his circumstances and condition in life, his earning power, skill and capacity. So much is left to the arbitrary judgment of jurors in this class of cases, that the rule which requires such proof of pecuniary loss should not be relaxed."

Such a rule is equally applicable to a claim for future pecuniary loss on account of expenses to be incurred for medical services. Some evidence to show a reasonable certainty that they will be needed, and their probable duration, their character, their frequency and their value, should be given.

The case being before the jury in that situation, even though the charge of the court, above quoted, correctly expressed the general rule on the subject, the defendant was entitled to the specific charge which he requested.

What medical attendance was rendered by Dr. Goodsell or by Drs. Orton or Hand? What did they do? What were the reasonable charges for what they did? It appears that each examined the plaintiff, but whether they advised as to his treatment, whether they were employed by him, and what was the amount and value of their services, nowhere appears. Now, if the jury had been instructed that they could allow compensation for medical services only when there was some evidence as to their character and amount, they might very well have left the last above named out of their estimate; and even the extent and value of the services of Dr. Walling, rendered after the last charge in his bill, were practically unknown to them, yet, as instructed by the charge and the refusal to charge, they may have deemed all those examinations proper and necessary and allowed a liberal sum as a compensation for the same. They had so very little information before them as to what amount the plaintiff had paid, or was liable to pay, to any or all of these gentlemen, that it was most important they should be informed of the rule which is stated in the defendant's request.

So with reference to the medical attendance which they might believe the evidence, with reasonable certainty, proved would be thereafter required, they should have been informed that some proof as to its character and amount should also have been furnished them before they could fix any compensation for the same.

It was most important that they should understand that such a limit upon their right to fix an amount existed. But the direct refusal to so charge was practically an instruction that no such limit did exist. The request correctly stated a rule of law applicable to this case, and the refusal to charge it was reversible error. (*Mitchell* v. *Turner*, 149 N. Y. 39, 45.)

But the exception to the charge itself seems to me to be well taken. I do not find in the case any evidence that there was a reasonable certainty that any future medical attendance would be required. That it would be is not necessarily inferred from the fact that the ailments under which plaintiff was then suffering would be permanent or would increase. And, further, there is not a single fact shown to indicate, if such attendance should be required, what would be its character or extent; not the slightest data upon which its value could be estimated. Any attempt to fix the amount of expenses so liable to be incurred would be the purest guesswork. For that reason the case was not one in which a jury could lawfully estimate and allow compensation for such "prospective future expense," and the instruction that they might do so was error. (*Gilbertson* v. *Forty-second St. R. Co.*, 14 App. Div. 294, 295, 296.) A mere exception is broad enough to cover an error of that description.

The verdict is a large one and is necessarily made up to a very large extent by the arbitrary judgment of the jurors. Manifestly we cannot say that it would have been the same had this error not been committed, and, therefore, we cannot conclude that it was harmless. (*Jefferson* v. *N. Y. E. R. R. Co.*, 132 N. Y. 483, 488; *Starbird* v. *Barrons*, 43 id. 200, 204.)

Without considering the many other exceptions presented, for the reasons above stated, the judgment must be reversed.

All concurred, except PUTNAM, J., not sitting.

Judgment and order reversed and a new trial granted, costs to abide the event.

---

NOTE.— The rest of the cases of this department will be found in volume 35, App. Div.— [REP.