bank, accompanied by a direction to pay such coupons as might be presented. Under such circumstances, title to the money would not pass; the bank would hold it as the mere disbursing agent of the depositor. Continued dealings of such character would not suffice to create a trust, or change the character of the deposit. It may be admitted that special circumstances might be shown which would change the character of the deposit, and impress it with a trust. Such circumstances existed and were proved in Straus v. Bank, 122 N. Y. 379, 25 N. E. 372, and the court held it sufficient to indicate a purpose to devote the money to a specific use, and that a trust was thereby created. There was not only, in that case, a disclosed purpose, but there was also a specific direction respecting the disposition of the money. There may be cases of insolvency and deposit under such circumstances as will clearly show an intent to pass title to the money, and secure it to meet the requirements of a particular purpose. We find no such purpose or intention in the present case. The bonds and coupons were payable at the plaintiff's office. It continued to remain liable for their payment, and is now so liable, unless the statute of limitations has run against them. It was not insolvent, and nothing appears tending to show that the method adopted for making payment of interest was intended for any other purpose than mere convenience. We conclude, therefore, that no trust was created, that no liability was incurred by the defendant to any of the bondholders, and that it is protected in following the directions of its principal. It was therefore bound to pay over to the plaintiff, upon demand, the unexpended portion of the deposit. This leads us to the conclusion that the judgment should be affirmed.

Judgment affirmed, with costs. All concur.

---

(41 App. Div. 255.)

### McKENNA v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. June 6, 1899.)

DAMAGES—PERSONAL INJURIES.

 In an action for personal injuries, an instruction that, if the jury found for plaintiff, he was entitled to recover what would be his reasonable expenses incident to his condition in the future, is erroneous, where there is no evidence as to what he would be required to pay because of his injuries in the future.

Appeal from trial term.

Action by Francis McKenna against the Brooklyn Heights Railroad Company. From a judgment for plaintiff on the verdict of a jury, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John L. Wells, for appellant.
Samuel D. Morris, for respondent.

CULLEN, J.   The action is for personal injuries.   It is only necessary for us to notice an exception to the charge which we think is fatal to the judgment recovered.   The plaintiff was thrown out of a vehicle in which he was riding by a collision between the vehicle and one of the defendant's cars.   After the accident he remained confined in his house for two weeks, when he had a stroke of apoplexy, which was followed by paralysis.   The apoplexy and paralysis, he contended, proceeded from the injury received at the time of the collision.   While there was proof that physicians attended him for the conditions stated, and that he required the personal services of an attendant, there was no proof as to the amount of the expenditures made by the plaintiff for such services, nor was there any proof of what amount he would be required to pay on that account in the future.   The learned trial court, at the request of plaintiff's counsel, charged the jury that, if they found the plaintiff was entitled to recover anything, "you are entitled to give him what will be his reasonable expenses incident to his condition in the future."   To this charge the defendant excepted, stating that there was no proof of what those expenses would be.   The portion of the charge excepted to seems to come exactly within the condemnation of Staal v. Railroad Co., 107 N. Y. 625, 13 N. E. 624, and Page v. Canal Co., 34 App. Div. 618, 54 N. Y. Supp. 442.   In the first case it was proved that the plaintiff was a painter, but it was not shown what were his wages at the time of his injury.   I charged the jury that the plaintiff could not recover past loss of wages, because that was a matter susceptible of proof.   But being of opinion that the future rate of wages of a painter could, at best, be only a matter of speculation, to be determined by the common knowledge and judgment of men, and not established by evidence of the then present rate of wages, I charged that the jury might allow the plaintiff for his pecuniary loss "on account of the injury caused by the diminution in his ability to earn a livelihood."   This instruction was condemned by the court of appeals as erroneous, because the plaintiff had not proved the rate of wages at the time.   I cannot see that the present case is to be distinguished from the one cited.   If "reasonable expenses incident to his condition in the future" included expenses for medical attendance, there was no proof what those services would probably be, nor what would be their cost.   If, as contended by the respondent, these expenses were only the services of a personal attendant or nurse required on account of the paralyzed condition, there was equally an absence of proof of what the wages of such an attendant or nurse were or would be.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event.   All concur.