CHARLES N. PLATT, as Administrator of the Estate of HARRY PLATT, Deceased, Respondent, *v.* THE ALBANY RAILWAY, Appellant.

NEGLIGENCE — ERRONEOUS CHARGE AS TO NEGLECT OF STREET RAILWAY COMPANY TO PROVIDE FENDERS FOR ITS CARS. Where in an action against a street railway company to recover damages for the death of plaintiff's intestate, who was run over by a car of defendant, one of the grounds of negligence alleged was that it operated the car without a fender, and it appears that while the defendant was required by a city ordinance to use fenders on all its cars it was prohibited by the same ordinance from using any fender until the same should be approved by the

common council; that on the day after the adoption by the common council of a report approving the use of a specified fender, the fenders were ordered from the manufacturer but were not received until after the accident, it is reversible error for the trial court to omit to charge defendant's request that it was not bound to have a fender on the car at the time of the accident and to instruct the jury that it might find whether the defendant had used reasonable diligence in providing fenders after the approval of the common council, since the proof showed that it acted promptly when in a position to act at all.

*Platt* v. *Albany Railway*, 55 App. Div. 636, reversed.

(Argued February 17, 1902; decided February 25, 1902.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 22, 1900, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

On the 29th of May, 1897, Harry Platt, a lad between eleven and twelve years of age, was run over and killed by an electric car, as he was crossing the tracks of the defendant on Broadway at its intersection with North Lansing street in the city of Albany. The plaintiff, as administrator of his estate, brought this action to recover damages, upon the ground that the defendant was negligent in many ways, and among others in operating the car in question without a fender. The defendant, in its answer, denied negligence on its part, charged that the death of the decedent was caused by his own negligence, and alleged that it used due diligence to equip its cars with fenders as soon as permitted by the common council. The jury found a verdict for the plaintiff, and the judgment entered thereon was affirmed by the Appellate Division, one of the justices dissenting.

*Albert Hessberg* and *Simon W. Rosendale* for appellant. As matter of law, the decedent was grossly negligent and careless. (*Purdy* v. *N. Y. C. R. R. Co.*, 87 Hun, 97; *Doyle* v. *Albany Railway*, 5 App. Div. 601; *Martin* v. *T. A. R. R. Co.*, 27 App. Div. 52; *Scott* v. *T. A. R. R. Co.*, 145 N. Y. 152; *Savage* v. *Gerstner*, 36 App. Div. 220; *Thompson*

v. *B. R. Co.*, 145 N. Y. 196; *Getman* v. *D., L. & W. R. R. Co.*, 162 N. Y. 21; *Burke* v. *N. Y. C. & H. R. R. R. Co.*, 73 Hun, 32; *McQuade* v. *Met. St. Ry. Co.*, 17 Misc. Rep. 154; *Berzevizy* v. *D., L. & W. R. R. Co.*, 19 App. Div. 309.) There were errors in the rulings on the trial. (*McLaughlin* v. *Webster*, 141 N. Y. 76; *Stabenau Case*, 15 App. Div. 408; 155 N. Y. 511; *Bittner Case*, 153 N. Y. 776; *Leary* v. *F. R. R. Co.*, 53 App. Div. 52.)

*S. T. Hull* for respondent.   The finding of the jury having been on questions of fact, properly submitted, is conclusive. (*Sire* v. *Rosenquest*, 28 App. Div. 242; *Newman* v. *Wilson*, 78 Hun, 295; *Butler* v. *Third Ave. R. R. Co.*, 16 Misc. Rep. 679; *People* v. *Kerrigan*, 147 N. Y. 210.) It is the duty of this court to affirm the judgment if, in any reasonable view of the case, the verdict can be sustained. (*Fejdowski* v. *D. & H. C. Co.*, 168 N. Y. 505; *Fritz* v. *Tompkins*, 168 N. Y. 524; *Blum* v. *Langfeld*, 37 App. Div. 590; *Archer* v. *N. Y., N. H. & H. R. R. Co.*, 106 N. Y. 601; *Fandel* v. *Third Ave. R. R. Co.*, 15 App. Div. 427; 162 N. Y. 598.) The negligence of the defendant was clearly established on the trial. (*Wihnyk* v. *S. A. R. R. Co.*, 14 App. Div. 515; *Tholen* v. *B. C. R. R. Co.*, 10 Misc. Rep. 283; *Kleiner* v. *Third Ave. R. R. Co.*, 162 N. Y. 193; *Fandel* v. *Third Ave. R. R. Co.*, 15 App. Div. 426; *Young* v. *Atl. Ave. R. R. Co.*, 10 Misc. Rep. 542; *Enfield* v. *N. J. R. R. Co.*, 49 App. Div. 470; *Killen* v. *B. H. R. R. Co.*, 48 App. Div. 557; *Thurber* v. *H., etc., R. R. Co.*, 60 N. Y. 326.) The freedom of the plaintiff's intestate from contributory negligence was fully established on the trial. (*Wihnyk* v. *Second Ave. R. R. Co.*, 14 App. Div. 515; *Zwack* v. *N. Y., L. E. & W. R. R. Co.*, 160 N. Y. 362; *Stone* v. *D. D., etc., R. R. Co.*, 115 N. Y. 104; *Mason* v. *Atl. Ave. R. R. Co.*, 4 Misc. Rep. 291; 140 N. Y. 657; *Hyland* v. *Burns*, 10 App. Div. 386.) The testimony conclusively showed that the boy exercised some care and caution before attempting to cross the tracks, and it was for the jury to say

whether he exercised the proper degree of care, taking into consideration his age, and all the other facts and circumstances of the case. (*Henavie* v. *N. Y. C. & H. R. R. R. Co.*, 166 N. Y. 280; *Greany* v. *L. I. R. R. Co.*, 101 N. Y. 419, 420; *Beckwith* v. *N. Y. C. & H. R. R. R. Co.*, 54 Hun, 446; 125 N. Y. 759; *McClain* v. *B. C. R. R. Co.*, 116 N. Y. 460; *Stone* v. *D. D., etc., R. R. Co.*, 115 N. Y. 104; *Parsons* v. *N. Y. C. & H. R. R. R. Co.*, 113 N. Y. 355; *Weidinger* v. *Third Ave. R. R. Co.*, 40 App. Div. 198; *Seeley* v. *N. Y. C. & H. R. R. R. Co.*, 8 App. Div. 402; *Black* v. *S. I. E. R. Co.*, 40 App. Div. 239; *Towner* v. *B. H. R. R. Co.*, 44 App. Div. 628.)

VANN, J. We think there was a question of fact for the jury as to the negligence of the defendant, independent of the allegation that there was no fender on the car which ran over the decedent. We are also of the opinion that there was evidence, which, if believed by the jury, warranted the conclusion that the plaintiff's intestate was free from contributory negligence.

We find no reversible error in the record, except the charge of the trial judge and his refusal to charge as requested, in relation to the omission of the defendant to equip its cars with fenders prior to the accident. It appeared that on the 7th of October, 1895, the common council of the city of Albany required, by an ordinance duly passed, that every car operated by electricity and run upon a track should be provided with a fender, but the same section further commanded that " no railroad operated by electricity shall use any fender or fenders, guard or guards, until the same shall have been approved by the common council, which said approval shall be filed with the clerk of the common council, and the use of such fender or fenders, guard or guards, shall be deemed a compliance with this provision." On the 25th of November, 1896, the defendant presented a communication to the common council stating that after various tests it had selected a fender manufactured in Providence, R. I., as the most suitable

to prevent accidents, and asking that body to approve of its use in accordance with the terms of said ordinance, "in order that the company may, without unreasonable delay, equip its cars with such fenders." This communication was referred to the committee on railroads, which made no report upon the subject until the 17th of May, 1897, when it recommended the use of the fender selected by the defendant. The report was adopted at once, but as it does not appear whether the mayor signed the resolution or not, we cannot tell whether it went into effect on the day of his approval, or not until ten days after its passage. (City charter, L. 1883, ch. 298, title 3, § 9.) Upon the day after the adoption of said report by the common council, the defendant ordered the Providence fender, but the first lot was not received until the 16th of June, 1897, and in the meantime the accident in question had happened. Thus, it appears that the fenders were ordered by the defendant immediately after the adoption of the resolution which specified the kind that could be used, and even before it is certain that the resolution had gone into effect.

The only allusion to the subject of fenders made by the trial judge in the body of his charge was as follows: "There are other questions relating to the bells and gong and fender that I shall not discuss at any length before you, because with the statement that I have made they are not of great importance, and I shall not call especial attention to them unless it is desired by the counsel on the part of the plaintiff and defendant, in which case I will answer the questions which they submit to me." At the close of the charge the defendant requested the trial judge to instruct the jury that "the absence of a fender from the car was not *per se* negligence," and the court so charged. Thereupon the defendant requested the court to further charge that "the defendant was not bound to have a fender on the car at the time of the accident." In response to this request the trial judge said: "This makes it necessary for me to say a little more to the jury." Thereupon he recited the facts already stated in rela-

tion to the ordinance governing the use of fenders, the communication of the defendant upon the subject and the action of the common council thereon. He then continued: "That," referring to the selection of a fender, "was not approved by the common council until the 17th day of May, 1897, as this accident occurred on the 29th day of May, 1897, and it appears that on the following morning the railroad company ordered fenders, and that they were not received until the 16th of June following the accident, and were then placed upon the cars. I charge you that the company had a reasonable time to place fenders upon their cars after the approval of the common council, and leave it to you whether they did not use reasonable diligence in providing fenders after the common council had approved the fenders as stated." The defendant excepted to the refusal to charge as requested and to the charge as modified.

The jury may have based their finding that the defendant was guilty of negligence upon the fact that there was no fender on the car which ran over the plaintiff's intestate. While other grounds of negligence were alleged, no negligent act was so conclusively proved as to leave no question for the jury. They may have found, as permitted by the charge of the court, that the defendant was guilty of negligence in not using reasonable diligence to provide fenders after the common council had approved the Providence fender. The evidence did not warrant this conclusion, for the defendant acted promptly when it was in a position to act at all. Whatever may be said of its course in making a selection, to question the promptness of its action after its selection was approved would be unreasonable. By command of the ordinance it could not attach fenders to its cars until the kind selected had been approved by the common council. That approval was not given until the 17th of May, and the next day the fenders were ordered from the manufactory where they were made in another state. No fender had arrived when the accident happened, and it does not appear that the defendant could have done anything more than it did, after the fender

was approved and it was permitted to do anything further in relation to the subject. Whether the resolution of approval took effect two days or twelve days before the accident, the defendant did all it could to comply with the direction of the common council. It had a reasonable time, as the court properly charged, to obey the command of the local legislature and it used that time with diligence. It was under no obligation to order fenders in advance of the approval of the common council for that might have involved useless expense, as there were several kinds in use. All that was required was prompt action as soon as it knew what fender to order and prompt action was conclusively proved. As the jury had received no instruction whatever upon the subject, the defendant was entitled to the instruction prayed for. It did not ask to have the question of liability for failing to use fenders wholly withdrawn from the jury, and it was apparently willing that its alleged want of diligence in selecting a fender should be considered by them. Its request simply involved the proposition that it was not bound, as matter of law, to have a fender on its car at the time of the accident, thus impliedly conceding that its diligence, or want of diligence, in making a selection should be left to the jury as a question of fact. It was, at the least, entitled to this, and a failure to charge, either literally or in substance as requested, was reversible error. (*Mitchell* v. *Turner*, 149 N. Y. 39, 43.) The court not only omitted to comply with the request, but went farther and charged that the jury might find whether the defendant had used reasonable diligence in equipping its cars with fenders after the fender selected had been approved by the common council, although during the short interval that elapsed between the approval and the accident the railroad company had done everything which, so far as appears, it could have done to procure fenders. This also was reversible error, for it cast a burden upon the defendant which the law did not require it to bear. The law required reasonable diligence, but the charge, so far as the evidence permits us to see, required an impossibility.

The judgment should be reversed and a new trial granted, with costs to abide the event.

Parker, Ch. J., Gray, Bartlett, Haight and Martin, JJ., concur; O'Brien, J., not voting.

Judgment reversed, etc.