HOYT v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. June 6, 1902.)

1. STREET RAILROADS—CROSSING ACCIDENT—NEGLIGENCE—QUESTION FOR JURY.
    Evidence that a street car was going at a very rapid rate at a crossing
    when plaintiff was struck, coupled with evidence that the car was
    some distance away when plaintiff attempted to cross, and the testimony
    of the motorman that he did not see plaintiff in front of the car, was
    sufficient evidence of the company's negligence to go to the jury, though
    the motorman testified that he saw plaintiff standing on the side of the
    track when the car was about 15 feet away; the motorman on approach-
    ing a crossing being bound to have his car under reasonable control.

2. SAME—CONTRIBUTORY NEGLIGENCE.
    When a party injured in a street car crossing accident testifies that he
    saw the car just as he was leaving the track, but there is evidence that
    the car was some distance away when he started to cross, mere proof
    that he was thrown on the fender is not sufficient, as a matter of law,
    to show that he was struck on first going on the track, or before he
    reached the middle of the track, and was therefore guilty of contributory
    negligence in going on the track at all; but the question is for the jury.

3. SAME—PLEADING—DAMAGES PROVABLE.
    A complaint which alleges that by reason of defendant's negligence
    plaintiff was severely and seriously injured, bruised, and wounded, and
    suffered and still suffers great physical and mental pain, and became
    sick, sore, and disabled, and so remains, and on information and belief
    is permanently injured, and has been and will be prevented from at-
    tending to business, authorizes proof that as a proximate result of such
    injury he has suffered fracture of the skull, destruction of the ear,
    paralysis of one side, deafness, loss of eyesight, loss of memory, a mild
    form of insanity, loss of sexual powers, and that his injuries are of a
    progressive character, and will result in his death, and that his earning
    capacity is injured as a result thereof.

4. SAME—LOSS OF EARNING CAPACITY—EVIDENCE—SUFFICIENCY.
    Evidence, in an action for personal injuries, by physicians and others,
    showing that plaintiff suffered fracture of the skull, destruction of an
    ear, paralysis on one side, deafness, loss of eyesight, loss of memory,
    a mild form of insanity, and loss of sexual power, and that his injuries
    are progressive, and that he is unable to do his work with the same help
    as formerly, was sufficient to authorize the submission to the jury of
    the issue of damages for loss of earning capacity, though he was re-
    ceiving the same wages from the same employer at the time of the trial
    as at the time of the injury, and his employer testified that plaintiff was
    doing the same kind of work satisfactorily.

5. SAME—INSTRUCTIONS.
    An instruction in a personal injury case that reasonable compensation
    may be awarded if the injury is permanent, taking into consideration
    the probable loss of earnings which will be sustained, but that the con-
    clusion must be based on the evidence, and that the jury must follow the
    evidence and reasonable inferences drawn therefrom, is a sufficient state-
    ment of the rule that, in order to authorize a recovery for future conse-
    quences of such an injury, it must appear reasonably certain from the
    evidence that they will occur.

    McLaughlin, J., dissenting.

Appeal from trial term, New York county.

Action by William Hoyt against the Metropolitan Street Rail-
way Company for personal injuries received in a crossing accident
case. From a judgment for plaintiff and an order denying a new
trial, the defendant appeals. Affirmed.

The third paragraph of the complaint alleged:

"That solely by reason of defendant's negligence, as aforesaid, plaintiff was severly and seriously injured, bruised, and wounded, and suffered and still suffers great physical and mental pain, and became sick, sore, and disabled, and so remains, and, upon information and belief, is permanently injured, and has ever since been, and will be, prevented from attending to his business, and has and will necessarily expend large sums of money in endeavoring to be cured of his injuries, to the plaintiff's damage twenty thousand ($20,000) dollars."

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Charles F. Brown, for appellant.
Thomas D. Adams, for respondent.

HATCH, J. We think the evidence in this case was sufficient to carry it to the jury upon the question of the negligence of the defendant and of contributory negligence upon the part of the plaintiff. As bearing upon the first proposition, the jury had the right to find that the car was being operated at the time of the accident at a dangerous rate of speed, and that the motorman was not at the time directing his attention to the crosswalk or to pedestrians who might be passing over the same. Bearing thereon, testimony was given that the car was going at a very rapid rate, and that it ran a distance of 115 feet after striking the plaintiff, before it was stopped. The motorman testified that he did not see the plaintiff at the time when he was struck, but first discovered him in the fender of the car after he had been hit. It is true that the motorman stated that he saw the plaintiff standing on the easterly side of the track when he was about 15 feet away, but he did not look after that time, as is clear from his testimony. The jury were authorized to say, from all the circumstances, that in the proper discharge of his duties the motorman was bound to assume that pedestrians might cross the street in front of his car before it reached the crossing, and that he was therefore bound to have his car under reasonable control, as he had no greater right to pass the crossing than had the pedestrian (Dunican v. Railway Co., 39 App. Div. 497, 57 N. Y. Supp. 326; Cohen v. Railway Co., 63 App. Div. 165, 71 N. Y. Supp. 268; Sesselmann v. Railway Co., 65 App. Div. 484, 72 N. Y. Supp. 1010).

The testimony upon the part of the plaintiff authorized the jury to find that he started to cross the street when the car was some distance away  He had the right to assume that the defendant would discharge the duty which it owed to him, and rely thereon. His testimony is to the effect that he had passed over the track and had nearly gotten over the last rail when the car struck him. There is some little confusion in his testimony, but such confusion is only apparent. His first statement is that he saw the car just as he was leaving the track. He then stated:

"It was the second rail, and I was about in the middle of it; might have had one foot on the other rail."

From these statements, and the fact that he was thrown upon the fender of the car, the defendant seeks to draw the conclusive

inference that he was struck as he was going over the easterly rail of the first track, and that he could not in any event have gotten further than the center of the track; but this disregards his statement:

"I was on the track. It was the second rail and I was about in the middle of it; might have had one foot on the other rail. I said on my direct examination that I was just leaving the track, namely, the last rail of the track, when I was hit; that is correct. I think it was on the last rail. I was not off. I kept my foot on it—on the last rail—when I was hit. I am quite certain that I did not go on the fender of that car on the east rail of the track. I am sure I was nearer the west rail of that track than I was to the east rail."

It was a fair construction that, when he spoke of being between the two tracks, he was referring to the downtown or westerly track, and not to the space between the rails of the first track; and the jury had the right so to infer; but, however this may be, his clear statement is that he was just leaving the track on which the car was running at the time he was struck. The fact that he was thrown into the fender is by no means conclusive of his position at the time when he was struck. No accurate law of physics can be invoked to determine just how a body ought to fall or will fall when struck under such circumstances. There is the action of the car, the life and movement of the person, and very strange results may and do flow from the operation of both forces. They are not to be accounted for upon any rule which might find application to an inanimate body. This question was therefore for the jury. The defendant relies in support of its contention upon the case of McCloskey v. Railway Co., 67 App. Div. 617, 73 N. Y. Supp. 324; but in that case the evidence clearly disclosed that the deceased was struck immediately on stepping upon the track, and he was properly held guilty of contributory negligence. It is manifest that the jury had the right to find that the plaintiff in the present case was just leaving the track. The McCloskey Case, therefore, is not controlling. The present case is more nearly like Handy v. Railway Co. (Sup.) 74 N. Y. Supp. 1079, where a recovery was upheld, as it must be here so far as this question is concerned.

The complaint was sufficient to authorize proof such as was given of the damages sustained. Its averments are nearly identical in language, and entirely so in substance, with the complaint the subject of examination in Ehrgott v. Mayor, 96 N. Y. 264, 48 Am. Rep. 622; and therein it was held that the averment was sufficient to authorize proof of any bodily injury resulting from the accident. The damages proved in that case, which were held to be proper under the pleading, seem to have been more uncertain as to proximate result of the accident than were the damages proved in the present case. The physicians in this case testified that every physical ailment from which the plaintiff suffered was the proximate result of the accident. So far as the paralysis which ensued was concerned, the testimony was sufficient to establish its existence independent of the testimony given by the physicians. We find no error, therefore, in this respect.

The defendant further contends that the court erred in instructing the jury that they might award the plaintiff damages for future loss and earnings. It is claimed by the defendant that no evidence was given of the wages which the plaintiff received; that he returned to work six weeks after the accident, and that he was paid his wages during that period, since which time he has not lost a day; that he does the same work now that he did before the accident, and does it as satisfactorily to his employer; and that the only testimony of any certain character as to the result of the injuries was the statement of a physician, when inquiry was made respecting them, that death would be the result. We do not think that such is the fair construction of the whole of the testimony. The physician stated in detail that his ear drum was broken; that he bled internally and suffered a fracture at the base of the skull; that he had lost from 30 to 40 pounds in weight; that he suffered from loss of memory; that he was suffering from hemiplegia and partial paralysis; that in walking he dragged his left foot; that there was a loss of motion, drooping of the eyelid on that side; that his paralysis is of two kinds and affects two sets of nerves, those of sensation and of motion; that he has a double vision; that he was mildly insane; that he suffered loss of sexual power; and that in toto he suffered the fracture of the skull, destruction of the ear, paralysis on one side, deafness, loss of eyesight, loss of memory, a mild form of insanity, and loss of sexual power. The physicians were corroborated by the testimony of men who worked with him before and after the accident. They give testimony tending to show loss of flesh and motion; that in his work at the present time four people assist him, where before there were but two; that he frequently has to remeasure his work, where before he did not; that his gait has changed, and that he stumbles, falters, and walks sideways; and that he walks lame as if paralyzed one one side. The co-employés had an opportunity to observe him, as they worked with him and saw him continually, both before and after the accident. The defendant lays hold of the testimony of the witness Davidson, who was the superintendent of the packing department of H. B. Claflin & Co., where the plaintiff was employed, who testified that he had observed him since the date of the accident, but in a less degree than he had observed him before; that he gets the same pay since the accident, does the same kind of work, and does it satisfactorily; but he also says that there is quite a positive change in his moving and carrying; that he is not as lively or active nor as heavy a man as before. While it is true that the superintendent states that he receives the same pay as before and does the same work satisfactorily, yet it also appears without dispute that two men have been added to assist him since the accident; and those who observed him closely testify with particularity to the infirmities under which he suffers and their direct effect upon his work; and this shows plainly a very marked change in his ability to perform his duty before and since the accident. Confessedly, the superintendent did not make or perhaps have the opportunity to make so close observation as did his fellow workmen, and there is nothing in their testimony which leads to the belief that they exaggerated his

infirmities. The plaintiff had been employed for 17 years in this place, and was evidently a faithful employé; and it is not an unfair assumption that his employers would continue him so long as he was able to perform the labor, even though not as well as formerly. This testimony laid before the jury the complete medical views upon the plaintiff's physical condition, and it also spread before the jury his practical physical condition as affecting his employment. It was therefore much more satisfactory testimony from which to draw inferences than would be the bare statement by a physician that his earning power was impaired, and that his injuries would be permanent. It is evident from an examination of the whole testimony that the plaintiff is in such a physical condition as indicates a permanent impairment of his ability to labor and earn. It also authorizes a fair inference that such conditions are not only permanent, but that they are progressive in an impairment of physical ability, as much so as though witnesses had testified in words to that effect. No one, we think, can read the testimony without concluding that the ailments from which the plaintiff suffers will of necessity deprive him of ability to do work as his years progress. Under such circumstances, we think it may not be fairly said that there is no evidence of loss of earning power or that there will be. On the contrary, we think the jury had before them an abundance of testimony from which to conclude that there would be loss of earning power as well as present permanent impairment.

In this view of the case, we come to an examination of defendant's contention that there was error in the charge respecting future loss of earning power. Upon this subject, the court charged:

"If you find that the injury is permanent, you may award reasonably just compensation for that injury, taking into consideration, also, whatever probable loss of earnings will be sustained by the plaintiff, but your conclusion must not be based upon speculation, and you must follow the evidence and the reasonable inferences to be drawn from the evidence."

To this charge the defendant excepted, and to sustain the exception relies upon Strohm v. Railroad Co., 96 N. Y. 305. It was said in that case:

"To entitle a plaintiff to recover present damages, for apprehended future consequences, there must be such a degree of probability of their occurring as amounts to a reasonable certainty that they will result from the original injury."

We think the charge in the present case answered this requirement of the law. Its effect was to say that they could only award such damages as were reasonably certain to occur; such reasonable certainty to be drawn from the evidence. As we have already seen, the evidence tended with reasonable certainty to show such a condition, and the jury must have understood from the language used by the learned court that they could only award for loss of earnings and permanent impairment if the evidence satisfied their minds with reasonable certainty that such would be the result. We, therefore, find no error in this respect which calls for a reversal of this judgment. Nor do we think that this verdict should be set aside or the recovery reduced as being excessive. The evidence fairly

supports it within the authorities. De Wardner v. Railway Co., 1 App. Div. 240, 37 N. Y. Supp. 133.

It follows that the judgment and order should be affirmed, with costs. All concur, except McLAUGHLIN, J., who dissents.

McLAUGHLIN, J. (dissenting). I am unable to agree to an affirmance of this judgment. The complaint should have been dismissed. McCloskey v. Railway Co., 67 App. Div. 617, 73 N. Y. Supp. 324. The evidence did not justify the jury in finding the defendant negligent, and if it did, then the same evidence necessarily required a finding to the effect that the plaintiff's negligence contributed to his injury. The motorman could not anticipate that the plaintiff would, when the car was only a few feet from him, step in front of it. This is just what the plaintiff did, as a fair consideration of his own testimony will demonstrate, as well as that of the only witness produced by him in corroboration. His statements are not only contradictory, but quite unsatisfactory; but, when taken in connection with the fact that he was thrown into the fender, the only fair inference is that he was in the middle of the track when he was struck by the car. Plaintiff's witness in corroboration testified that he saw the car approaching half a block away, and that he stopped to let it pass before attempting to cross the tracks. If he could see the car, then no reason is assigned or given why the plaintiff could not.

The judgment ought also to be reversed for an error in the charge. The court stated to the jury that:

"There is no proof that the plaintiff has suffered any loss of earnings in the past, but it is claimed that his injury will probably affect his earning capacity in the future, and that the injury is of a permanent character. If you find that the injury is permanent, you may award reasonably just compensation for that injury, taking into consideration, also, whatever probable loss of earnings will be sustained by the plaintiff, but your conclusion must not be based upon speculation, and you must follow the evidence and the reasonable inferences to be drawn from the evidence."

The defendant excepted to this portion of the charge, in so far as it permitted the jury to make an award for "the loss of earnings of the plaintiff in the future." The exception was well taken. The record will be scanned in vain to find any evidence whatever which justified the jury in making any award for the plaintiff's future earning capacity. The accident happened on the 22d of March, 1899. The trial took place in December, 1901, and the fact is undisputed that in about six weeks after the accident the plaintiff resumed his accustomed work, since which time, so far as appears, he has not lost a single day. The fact is also undisputed that he has, since the accident, done the same kind of work, for which he has received the same pay, as theretofore. This is the evidence upon the subject, except that Dr. Skearry testified that he could state, with a reasonable degree of certainty, that the result of the plaintiff's injuries would be his death; but the fact that the plaintiff would sometime die as the result of the injuries he had received did not of itself justify the jury in reaching the conclusion, and making an award therefor, that by reason of that fact there would a time come when his earning capacity would be diminished. Leeds v. Gaslight Co., 90 N. Y. 26. To entitle the plaintiff to recover present

damages for apprehended future injuries, he was obligated to establish the same with a reasonable degree of certainty. Strohm v. Railroad Co., 96 N. Y. 305; Laidlaw v. Sage, 158 N. Y. 73, 52 N. E. 679, 44 L. R. A. 216.· Substantially the same charge here excepted to was condemned in McKenna v. Railroad Co., 41 App. Div. 255, 58 N. Y. Supp. 462.

For these reasons, I think the judgment appealed from should be reversed, and a new trial ordered.