DOROTHY CAPITELLI, as Administratrix, etc., of JOSEPH CAPITELLI, Deceased, Appellant, v. BROOKLYN & QUEENS TRANSIT CORPORATION and SAMUEL GOREN-STEIN, Respondents.— Action for damages for wrongful death of plaintiff's decedent, as a consequence of decedent being struck by defendant's trolley car on Grand avenue, at the intersection of Eighty-second street, in the borough of Queens. Judgment in so far as it dismissed the complaint as to the defendant railroad company, reversed on the law and a new trial granted, costs to abide the event. Judgment in so far as it dismissed the complaint as to the defendant Gorenstein, unanimously affirmed, with costs. The plaintiff's evidence presented questions of fact for the jury as to the corporate defendant's negligence and as to freedom from contributory negligence on the part of plaintiff's decedent. (*Mullen* v. *Schenectady R. Co.*, 214 N. Y. 300; *Brott* v. *Auburn & Syracuse El. R. R. Co.*, 220 id. 92; *Fagan* v. *Atlantic Coast Line R. R. Co.*, Id. 301, 311; *Hart* v. *Hudson River Bridge Co.*, 80 id. 622; *Hoyt* v. *Metropolitan Street R. Co.*, 73 App. Div. 249; affd., 175 N. Y. 502.) Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur.

THE EAST NEW YORK SAVINGS BANK, Respondent, v. DICKEY AND LEMBERG COMPANY, Appellant, and Others, Defendants.— In an action brought to fore-close a mortgage on real property, in which appellant-mortgagor set up a defense and counterclaim based upon an alleged agreement by the mortgagee to devote the proceeds of a fire insurance policy to the repair of the mortgaged premises and the payment of arrears of interest and taxes, judgment in favor of plaintiff unanimously affirmed, with costs. The evidence supports the finding of the trial court that no agreement was made of the character alleged in the answer. The mortgagee was entitled under section 254, subdivision 4, of the Real Property Law, to retain the insurance moneys in reduction of the principal of the mortgage. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.