No. 121—2391. Chicago, St. Louis & Pittsburg Ry. Co. v. Welsh, by her next friend. This was an action on the case to recover damages for a personal injury. It appears that at the time of said injury, the plaintiff, a child then about seven years old, was playing with a companion of about the same age, in the vicinity of two or three of the defendant's freight cars, which were then standing on and near the termination of one of the defendant's side-tracks. Said side-track ran in a direction at right angles to May street, Chicago, and terminated about three feet from the line of said street, there being, as it seems, no post or other contrivance to prevent cars from running or being driven off from the side-track and onto the street. While said cars were standing as above stated, certain servants of the defendant caused four other of the defendant's cars to be driven onto said side-track at such rate of speed as to cause them to collide with those already there and drive them off from the side-track onto the street. One of said cars, while thus in motion, ran over the plaintiff, crushing and mutilating one of her legs in such manner as to require its amputation. The jury at the trial found the issues for the plaintiff and assessed her damages at $5,000, and for that sum and costs the plaintiff had judgment. The evidence for the plaintiff tended to show that at and immediately prior to the injury, she was sitting with her playmate on the sidewalk in the street, while the defendant gave evidence tending to show that she was at the time a considerable distance from the street on the defendant's right of way, engaged in picking up small pieces of coal under one of the cars. This conflict the jury have settled in favor of the plaintiff, and the court is of opinion that their finding is in accordance with the preponderance of the evidence. In determining the question of the plaintiff's contributory negligence, the jury were at liberty and it was their duty to consider her tender years and the circumstances and situation of her parents, who, as the evidence shows, were poor people, compelled to devote their time to hard labor, which rendered it impossible for them to maintain a constant personal

supervision over their children. Assuming that the injury occurred while the plaintiff was on the public street where she had a legal right to be, this court can not say that the evidence established negligence either on her part or on the part of her parents. Affirmed. Opinion by BAILEY, P. J. Judge below, ELLIOTT ANTHONY. Attorneys, for appellant, Mr. FRANK LOESCH and Messrs. WILLARD & DRIGGS; for appellee, Mr. SIMON P. DOUTHART. Opinion filed July 28, 1886.