Filed Sept. 27, 1894.

---

No. 16,773.

## The Cleveland, Cincinnati, Chicago and St. Louis Railway Company v. Keely, by His Next Friend.

Negligence.—*Of Parents.*—*Personal Injury of Child.*—*Sui Juris.*—*Complaint, Necessary Allegations.*—It is not negligence in parents to let a boy eleven years of age attend school, where to do so the boy must cross a railroad in going to and from school; and a complaint in an action by such boy for personal injuries sustained while crossing the railroad, need not allege that his parents were free from negligence, but it is sufficient to show his own freedom from contributory negligence, the boy being *sui juris.*

Same.—*Of Railroad Company.*—*At Street Crossing.*—*Violation of City Ordinance.*—*Suddenly Starting Train, Standing across Street, without Warning.*—*Custom.*—It is negligence in a railroad company to obstruct a street crossing with its train to the interruption of public travel for fifteen minutes, in violation of a city ordinance; and it was also negligence, after allowing the train to stand still across the street and sidewalk, the engineer having left his usual post on the engine, to then start back suddenly without warning, where persons were waiting on either side of the crossing, and had waited so long, particularly children going to and returning from school, who had for a long time been allowed to cross through standing trains at that point.

Contributory Negligence.—*Attempt of Eleven Year Old Boy to Pass Through a Train Standing across Street.*—*Appearance of Safety Created by Railroad Company.*—Where a school boy, eleven years of age, had stood on the sidewalk five or six minutes in a heavy, cold rain, waiting for a chance to get across the railroad, on his way home at noon, the roadway at that point being very deep with mud, the

The Cleveland, Cincinnati, Chicago and St. Louis Ry. Co. *v.* Keely.

train having come to a standstill, and the engineer having left his usual post on the engine, it was not negligence for the boy, by permission and direction of the flagman at such crossing, to attempt to pass through the train at the coupling of two cars, as he had often done before in safety, at the direction of the flagman, the boy's action being justified by the appearance of safety created by the railroad company.

From the Marion Circuit Court.

*B. K. Elliott, W. F. Elliott, J. T. Dye, A. Baker* and *E. Daniels*, for appellant.

*W. V. Rooker*, for appellee.

HOWARD, C. J.—This was an action for personal injuries, brought by the appellee against the appellant.

The material allegations of the complaint are: That on the 9th day of November, 1891, the appellant company was operating a line of railroad extending along Louisiana street and across New Jersey street, in the city of Indianapolis; that on said day the appellee was, and now is, an infant eleven years of age, a pupil attending the public schools of said city, and residing with his parents on the west side of said New Jersey street, and north of said line of railroad; that the public school at which he was a pupil was situate on New Jersey street, and south of said line of railroad; that the roadway of New Jersey street at and near the railway tracks was obstructed and impassable to appellee by reason of the accumulation of filth thereon, and of debris from certain public works and improvements thereabouts then in progress; that on said day he was on his way homeward to his dinner at the noon hour of intermission of said school, and had passed northward along the west sidewalk of New Jersey street until he arrived at the point of crossing the railroad tracks, where he found the appellant was wholly obstructing said street intersection with a locomotive engine and train of

cars which the appellant's servants · were moving to and fro along said Louisiana street tracks, and across New Jersey street, in the act of switching said cars, and distributing the same upon the yard tracks on the west of the New Jersey street intersection; that it was then and there a violation of an ordinance of said city to obstruct said street intersection with said cars or locomotive engine for more than three minutes at any one time, except in case of accident; that on said occasion there was no accident, but said obstruction was maintained for a long time, to wit, fifteen minutes, by reason of the moving to and fro of said train for the purposes and in the manner aforesaid, so that the further progress of appellee was then and there delayed for fifteen minutes; that during all the time that appellee was so halted and delayed on the south side of said tracks, a cold and heavy rain was falling, and the appellee had begun to suffer and was suffering from the exposure to which he was subjected; that after appellee had been so delayed for fifteen minutes the appellant's servants halted said train so that an aperture or opening of coupling in said train, as it was then connected together, was directly in front of the sidewalk, where appellee was so delayed; that upon halting said train, the engineer thereon abandoned his usual post on the locomotive engine, and, apparently to appellee, went away; that appellant then and there maintained a flagman, whose duty it was to direct persons as to their crossing said tracks; that appellant well knew of appellee's situation; that appellee being in great haste, and in fear of punishment if further delayed, and being in distress from said exposure, and believing it was the duty of the flagman to direct him across said tracks, as he had under like circumstances previously done and assisted to do, and relying upon the superior wisdom, experience and discretion of said flagman, and

of the apparent absence of said engineer, as appellant well knew, appellee, pursuant to the recommendation and direction of said flagman, then and there given, undertook, in a careful manner, to cross the said tracks through said coupling aperture and opening; and, while he was so doing, appellant's servants, though they well knew appellee's situation, negligently, carelessly and wrongfully set the said locomotive engine and cars in motion, by reason of which, and without any fault on his part, the appellee's left foot was caught, crushed and mangled, and he has suffered great bodily pain and mental anguish, and is permanently disfigured, crippled and disabled, all to his damage, etc.

On the overruling of a demurrer to this complaint, the appellant answered in general denial, and the cause was submitted to a jury for trial.

The evidence on the part of the plaintiff, appellee, having been concluded, counsel for the defendant, appellant, moved the court for a nonsuit, and asked the court to instruct the jury to return a verdict for the defendant on the evidence of the plaintiff. This motion was argued in the absence of the jury, and, on the reassembling of the jury, was overruled by the court.

Thereupon the defendant filed its demurrer to the evidence introduced by the plaintiff, in which demurrer the plaintiff joined. Upon the demurrer so filed to the evidence by the defendant, and the joinder therein by the plaintiff, the court delivered its instructions to the jury, and directed a verdict assessing damages only; and after argument by counsel, the jury returned an assessment of damages in the sum of $4,000. The court then overruled the demurrer to the evidence, and rendered judgment on the verdict.

The errors assigned on the appeal are:

1. The overruling of the demurrer to the complaint.

2. The overruling of the motion to instruct the jury to return a verdict for the defendant.

3. The overruling of the demurrer to the evidence.

4. The rendering of judgment on the verdict.

Counsel for appellant suggest, rather than argue, that the complaint is deficient.

The case of *Lake Shore, etc., R. W. Co.* v. *Pinchin*, 112 Ind. 592, is cited to prove that one who attempts to pass between the coupled cars of a freight train standing temporarily across a street, and either knows, or might know, that the train is likely to move at any moment, is guilty of contributory negligence. But in the case before us it does not appear, from the complaint, that the appellee either knew or might know, by the use of his faculties, that the train was likely to move at any moment. On the contrary, after standing in the rain for fifteen minutes, waiting while the train moved to and fro across the street, he perceived that the train came to a halt with an aperture or opening of coupling directly in front of the sidewalk where appellee stood. At the same time appellee saw the engineer leave his post on the engine. The flagman also, placed there to aid travelers to pass the track in safety, directed him to cross through the opening. This the flagman had, under like circumstances, previously done, and appellee relied upon the experience and discretion of the flagman, as well as upon the abandonment of his station by the engineer, and so undertook the passage in confidence. The two cases are quite dissimilar.

It is also intimated, though not seriously urged, that the complaint should have alleged due care on the part of the parents of the appellee.

In *Pittsburgh, etc., R. W. Co.* v. *Vining's Admr.*, 27 Ind. 513, it was correctly said that: ''The unnecessary exposure to known danger of a child incapable of exer-

cising the care and judgment of mature years, is in itself an act of negligence on the part of the parent."

The child, in that case, was seven years of age, and the court accordingly held that the allegation in the complaint that the parents were without fault, was proper and sufficient.

A like ruling was made in *Lafayette, etc., R. R. Co.* v. *Huffman,* 28 Ind. 287, where the child was but five years old, and it was held that the complaint should have alleged due care on the part of the parents.

In the case which we are considering, the appellee was eleven years of age, and was a pupil in attendance upon a school upon the same street upon which his parents lived, and going to and from which he crossed this track many times a day.

In *Downs, etc.,* v. *New York Central R. R. Co.,* 47 N. Y. 83, a boy twelve years of age, traveling upon a train with his mother, and not finding room in the car with her, was allowed by her to go into another car, and afterwards, in leaving the other car, he was injured; and it was held not to have been negligence on the part of the mother to have let such a boy go from her into the other car.

The appellee in this case is suing for his own injury. He was himself capable of going to school across the railroad, and his parents are not in the case, nor is it necessary that they should be. Besides, the facts alleged show that there could be no negligence on their part. They were not at fault for letting such a boy attend school on the same street as their home, even if he had to cross a railroad when coming home to dinner. In such a case it is sufficient to aver, as the complaint here does, that the party injured was himself guilty of no negligence which contributed to the injury. *Louisville, etc., R. W. Co.* v. *Boland,* 53 Ind. 398.

Contributory fault need not be denied when the facts stated show that there was no such fault.    *Duffy* v. *Howard*, 77 Ind. 182; *Indiana Mfg. Co.* v. *Millican, Admr.*, 87 Ind. 87.

In their argument against the overruling of the demurrer to the evidence, counsel for appellant contend that appellee was guilty of contributory negligence, and that appellant was not guilty of negligence, as shown by the evidence.

The evidence shows that the appellee was on his way home to his dinner, from school, the school being south of the railroad tracks, and his home north, both on the same street; that he arrived at the tracks about ten or fifteen minutes after noon, and found a train standing over the crossing; that it was raining very hard; that he stood waiting on the sidewalk five or six minutes; that the roadway at that point was ankle deep with mud and filth caused by work going on near by, the building of a viaduct; that the train moved east at first, part of a square, not clearing the crossing, then backed up and stood still four or five minutes; that the engineer left his place on the engine; that there was a flagman at the crossing, and when the engineer left his place appellee asked the flagman if he would have time to go through, and the flagman replied, "yes, plenty of time. Skip through," and appellee started as directed; that he could not put his foot on the bumper, it was too high, and he put it in the link, and as he raised the other foot the cars started up and mashed his foot.   The appellee had several times before, when going to or from school, and the crossing was blocked by a train, been directed by the flagman to go through, and had always gone through all right.

The court held this and other corroborating evidence sufficient to show that appellee was without fault; and

we can not see that there was any error in such holding. Appellee had stood a long time in the November rain, patiently waiting for a passage home to his dinner; he had often before, when on his way from school, and the train was on the crossing, by direction of the flagman, gone safely through. It was with him not a question of danger but one of time; the train was standing for several minutes, the engineer had left his post, and the flagman had told him there was plenty of time, to skip through. Having waited so long in patience, taken all precautions, and been directed by the man placed there in authority, and whose discretion and experience were known to appellee from like previous occasions, he could not, as we think, be charged with negligence in acting as he did. An appearance of safety was created by the the train being brought to a halt, the engineer away from his place, and the flagman's direction to go through, coupled with former crossings in safety. Such appearance of safety, created by the railroad company, justified the appellee's action. *Chicago, etc., R. R. Co.* v. *Boggs,* 101 Ind. 522, at p. 527, and authorities there cited.

Much of what has been said as to absence of negligence on the part of appellee is applicable also as showing negligence on the part of appellant. It was, besides, negligent in the company to occupy the street crossing to the interruption of public travel on a thoroughfare for so long a time as fifteen minutes; and after standing still across the street and sidewalk, and the engineer leaving his post, then to start back suddenly without warning, with persons waiting so long on either side, as shown in the evidence, particularly children going to and returning from school, who had for a long time been allowed to cross through standing trains at that point. This evidence and the witnesses were all before the court,

The Cleveland, Cincinnati, Chicago and St. Louis Ry. Co. v. Keely.

and the court hearing it deemed the evidence sufficient to show negligence on the part of appellant.

To us the ruling seems reasonable. The engineer who kept his train so long upon the crossing, and at length stood it still over the street and sidewalk, himself also leaving his post upon the engine, could not but know the public character of the street and observe the persons on each side, including school children, waiting in the cold, heavy rain, impatient at delay at the dinner hour; nor could he avoid perceiving the deep mud-covered street.  Ought he to return suddenly to the engine, and, without a note or word of warning, push back his train amongst those men, women and children, careless of danger to them?

We have said little of the youth of appellee, but, as said by ELLIOTT, J., in *Binford* v. *Johnston*, 82 Ind. 426, "The age of the child is always to be taken into account."

And, in the same case, Lord Ellenborough, in *Townsend* v. *Wathen*, 9 East, 277, is quoted, that "Every man must be taken to contemplate the probable consequences of the act he does."

The carelessness of the flagman is conceded; but we think it also clear that the trainmen proper were likewise guilty of negligence.

The demurrer to the evidence was properly everruled, and the judment is affirmed.

Filed May 11, 1894; petition for rehearing withdrawn Sept. 20, 1894.