[No. 9086.   Department One.   November 23, 1910.]

FINIS TECKER *et al.*, *Respondents*, v. SEATTLE, RENTON & SOUTHERN RAILWAY COMPANY, *Appellant*.[1]

STREET RAILROADS—OPERATION OF CARS—FENDERS—MUNICIPAL REGULATIONS—REASONABLENESS—POLICE POWERS.    An ordinance requiring a street car company to equip its cars with fenders extending as near its tracks as practicable, so that persons struck *may* be either raised and carried or pushed from the track, is not unreasonable as requiring a guarantee that the fenders *shall* in all cases perform the desired functions; and such ordinance is within the police powers of the city.

STREET RAILROADS—OPERATION OF CARS—FENDERS — COMPLIANCE WITH REGULATIONS—QUESTION FOR JURY.    It is a question for the jury to determine whether a street car fender, twenty-two inches above the track, was carried as near the rails as was consistent with practical operation of the cars, where there was testimony that it was practical to carry them eight inches above the track.

STREET RAILROADS—INJURY TO PERSONS ON TRACK—NEGLIGENCE—EVIDENCE—SUFFICIENCY.    The jury is warranted in finding gross negligence on the part of a motorman in running down a child six years old, where a moment before the motorman had been talking with a passenger and not looking at the track, and when he first observed the child it was fifteen feet ahead of the car, crossing the street in a

[1]Reported in 111 Pac. 791.

place of safety "if it had stopped," but it kept going and paid no attention to the gong, the car was going up grade, the day was clear and the view unobstructed.

SAME—CONTRIBUTORY NEGLIGENCE—CHILDREN. A child six years of age is not, as a matter of law, guilty of contributory negligence in running across a street in front of an approaching street car, its conduct indicating that it had not seen the car.

SAME—ACTION FOR DEATH—CONTRIBUTORY NEGLIGENCE OF PARENT. A parent is not guilty of contributory negligence, as a matter of law, precluding recovery for the death of a child six years of age, struck by a street car, in sending the child in care of another, ten years old, to the post office, two blocks away.

SAME—NEGLIGENCE—CROSSINGS—INSTRUCTIONS. It is not error to instruct that negligence is a relative question, and that a street car company is required to exercise greater care at crossings than at other places, where fewer people are likely to be encountered.

SAME—CONTRIBUTORY NEGLIGENCE— BURDEN OF PROOF—INSTRUCTIONS. In an action for the death of a child struck by a street car, it is not error to instruct that the burden of proving contributory negligence is upon the defendant, and properly defining what would constitute contributory negligence.

DEATH—DAMAGES—EXCESSIVE VERDICT. A verdict for $2,564, for the value of the services of a boy six years old, killed by a street car, is not excessive, where the father was blind and in the business of selling notions, and intended to use the boy when of proper age to lead him about.

Appeal from a judgment of the superior court for King county, Gay, J., entered March 19, 1910, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for wrongful death. Affirmed.

*Morris B. Sachs*, for appellant.

*Fred H. Peterson* and *Philip D. Macbride*, for respondents.

Gose, J.—On March 20, 1908, a minor son of the plaintiffs was run over and killed by one of the defendant's electric cars, in Heller street at its junction with Rainier boulevard, in the city of Seattle. This action was brought to recover damages to the amount of the value of the boy's services during his minority. There was a verdict and judgment

for the plaintiffs in the sum of $2,564. The defendant has appealed.

The negligence charged is three-fold: (1) The failure of the motorman to keep his eyes fixed upon the track in front of the moving car; (2) his failure to give a signal or warning of the approach of the car at the crossing where the accident happened; and (3) the failure of the appellant to comply with the city ordinance requiring it to carry a fender upon its cars as near to the roadbed as practicable. The appellant denied these charges of negligence, and pleaded affirmatively that the boy lost his life on account of his negligence and the negligence of the respondents. This was denied. At the close of respondents' testimony, the appellant moved for a nonsuit, and when all the evidence had been submitted, it moved for a directed verdict in its favor. Both motions were denied. It now assigns error upon the denial of the motions, and the giving and refusal to give certain instructions.

The ordinance, which is the basis for the third charge of negligence, is as follows:

"An ordinance requiring corporations and individuals owning, managing or operating street railways within the city of Seattle to provide the cars run or used upon such street railways with guards and appliances for the prevention of accidents, and providing penalties for the violation thereof. Approved May 15, 1896.

"Be it ordained by the City of Seattle as follows:

"Sec. 1. Street Car Fenders, How constructed:—All corporations, companies and individuals owning, managing or operating any street railway or line in the city of Seattle shall provide all cars run on their respective roads with a guard, protector or fender upon the front end of each car, which guard, protector or fender shall extend at its foremost point as near to the roadbed as shall be practicable and shall be so constructed and adjusted that any person or object struck by any such car while in motion may be either raised from the ground by said guard, protector or fender and carried along by said car until the same can be stopped, or be pushed from the track." Seattle Ordinance, No. 4,189.

The appellant first contends that the ordinance is unreasonable and void, and that the evidence shows that it is impossible for it to comply with its terms, and cites, *St. Louis v. Heitzeberg Packing & Provision Co.*, 141 Mo. 375, 42 S. W. 954, 64 Am. St. 516, 39 L. R. A. 551; *People v. Admire*, 39 Ill. 251; *Potter v. Douglas County*, 87 Mo. 239; 26 Am. & Eng. Ency. Law (2d ed.), 642; *Platt v. Albany R.*, 170 N. Y. 115, 62 N. E. 1071, and *Hogan v. Citizens' R.*, 150 Mo. 36, 51 S. W. 473. In the *Heitzeberg* case, the court considered the validity of an ordinance which provided that "the emission into the open air of dense black or thick grey smoke" within the corporate limits of the city of St. Louis is a nuisance, and fixed a penalty for its violation without regard to whether it was injurious to health or property. It was held that the city did not have the power to declare that a nuisance which was not such in fact, and that its failure to provide for an inquiry as to whether the emission of smoke was detrimental to the public health or injurious to property made it unreasonable and void. The court, however, stated that it was "entirely competent for the city to pass a reasonable ordinance" looking to the suppression of smoke when it becomes a menace to health or property. The *Admire* case was a suit brought by the distributees of an estate against the sureties upon the bond of a deceased administrator. It was held that the statute requiring a demand upon the administrator before the commencement of the suit could have no application to a case commenced against his sureties after his death. It was said that the statute should receive a reasonable construction, even though such construction qualifies its letter. In the *Douglas County* case, it was held that the constitutional prohibition against the city or its political subdivisions becoming indebted to an amount exceeding in any year the income and revenue of such year, without the previous authorization of the people expressed at the polls, has no application to a debt incurred by the county in favor of the sheriff for the maintenance of persons committed to the county jail. The

rule stated in 26 Am. & Eng. Ency. Law (2d ed.), 642, is that, where a restricted construction of a statute would render it a nullity as contravening the fundamental law, courts will favor a more liberal interpretation.    In the *Albany Railway* case it was held that, where the city had passed an ordinance requiring street car companies to equip their cars with fenders, they had a reasonable time after the passage of the ordinance in which to comply with its requirements.    In *Citizens' R. Co.* case, it was held that there was no error in striking from the complaint an averment that the defendant negligently failed to provide its cars with a fender, in the absence. of a statute or an ordinance which made it its duty to place fenders on its cars.

It is argued that the ordinance makes it the absolute duty of the appellant to provide a fender which will in every case raise from the ground a person with whom it comes in contact, and that the evidence shows that no fender has been devised which will in every instance perform such function.    We think the ordinance, when read as an entirety and given a reasonable interpretation, means that the fender shall be carried as near to the roadbed as is consistent with the practicable operation of the car, to the end that persons coming in contact with it *may* not pass under it and be crushed and mangled, but that they *may* be raised and carried upon it.    It was intended as a measure to protect human life; but it does not assume to impose upon the company the burden of guaranteeing that a suitable fender, carried at a proper distance from the rails, will in all cases perform the desired functions. This view makes the ordinance a reasonable one.    It cannot be successfully urged that a municipal corporation has not the power, as well as the duty, to protect the lives and bodies of the people by all reasonable measures.    This is a part of the well-recognized police power of every city.    *People v. Detroit United R.*, 134 Mich. 682, 97 N. W. 36, 104 Am. St. 626, 63 L. R. A. 746.    The learned trial court correctly interpreted the ordinance.

The jury were instructed that they should find from the evidence whether the fender was carried as near the roadbed as was practicable, and whether, in the light of the evidence, it was a practicable one within the meaning of the ordinance, and that the appellant could not be required to provide fenders that were not consistent with the practicable operation of the cars.    Evidence was given which tends to show that the fender upon the car which struck the boy was twenty-two inches above the roadbed, and that it is practicable to have them extend within eight inches of the roadbed.    The appellant further contends that it was the duty of the court to construe the ordinance, and that it was error to submit the question of fact to the jury.    The question as to the height of the fender above the roadbed, as well as the question whether it was carried as near the roadbed as was consistent with the practicable operation of the cars, was an issue of fact to be submitted to and determined by the jury.    The court could not determine either of these propositions as a matter of law.    *Finkeldey v. Omnibus Cable Co.*, 114 Cal. 28 45 Pac. 996; *Noren v. Larson Lum. Co.*, 46 Wash. 241, 89 Pac. 563.    The court, in submitting these questions to the jury, necessarily determined in advance that the ordinance was a reasonable exercise of the police power of the city.

It is next urged that the motion for nonsuit and a directed verdict should have been granted, (1) because there is no evidence warranting the conclusion that the appellant was negligent, and (2) that the death of the boy resulted from his negligence and the negligence of the respondents.    What we have said in relation to the issue of fact upon the sufficiency of the fender discloses that the motion upon the first ground was not well taken.    We will, however, briefly refer to the evidence, with a view to ascertaining whether there are any other acts of negligence shown, and whether the jury might infer that the negligence of the appellant in other respects was the proximate cause of the injury.

The evidence tends to show that the boy was of the

age of six years and seven months; that a few minutes before the accident the mother directed her oldest child, a daughter ten years of age, to take the boy and go to the post office on the corner of Rainier boulevard and Heller street, two blocks from her home, to get the mail; that when the girl arrived at the post office she left her brother on the sidewalk and went into the store; that when she came out, about five minutes later, the car had run over and killed him; that at the time of the accident, or an instant before, the motorman was looking to the east side of the car, talking with some one on the platform at York Station at the south side of Heller street, and not looking in the direction of the moving car; that the boy ran from the west side of the track to and upon the track; that he was looking across the track, running and waving his hands to some one, and that the motorman did not ring the bell. The motorman testified that, when he first observed the boy, he was about fifteen feet from the track, and in a place of safety "if he had stopped;" that he kept ringing the gong, but that the boy "kept going right along," and that the boy "was about fifteen feet of the car, running across through the street over the crossing." The car was going up grade, the track was straight, the day was clear and bright, the view unobstructed. We think there was evidence from which the jury might find that the motorman was guilty of gross negligence.

It is argued that, when a motorman sees a child in a position of perfect safety, he is not bound to anticipate that he will suddenly run in front of the car. The court instructed the jury, in substance, upon this point that, when a motorman observes a person in a place of safety, he has a right to assume that he will not put himself in a place of danger; but that, when he sees that danger is imminent, it is his duty to use every effort in his power to stop the car, and avoid causing an injury. The appellant was not entitled to a more favorable instruction. If, by the exercise

of proper vigilance, the motorman could have seen the child in time to stop the car and avoid striking him, it was his duty to do so; and if, when he saw the boy, his conduct indicated that he was intending to cross the track, and that he had not seen the car or heard the signals, if any were given, it was the duty of the motorman to use every effort to stop the car. *Forrestal v. Milwaukee Elec. R. & Light Co.*, 119 Wis. 495, 97 N. W. 182; *Citizens' St. R. Co. v. Hamer*, 29 Ind. App. 426, 62 N. E. 658, 63 N. E. 778; *Baird v. Citizens' R. Co.*, 146 Mo. 265, 48 S. W. 78. It is clear that, considering the age of the boy, we cannot say that he was guilty of such negligence as will defeat a recovery. It was for the jury to determine, in the light of all the circumstances, whether he acted with that degree of care and prudence which might reasonably be expected of a child of his age and intelligence. *Citizens' St. R. Co. v. Hamer, supra.*

We do not think that it can be said, as a matter of law, that the respondents are guilty of contributory negligence. The girl who accompanied the boy was, as we have seen, ten years of age. The mother had sent them to the post office for the mail, two blocks distant, a few minutes before the accident.

"Nor can it be said, as matter of law, that the parents of a child are negligent in permitting him to go upon the street in the care of another child of sufficient age to appreciate and avoid danger, or other competent custodian. In such cases the question of negligence should be submitted to the jury." 29 Cyc. 558.

The parent is only required to exercise ordinary care in watching and controlling the child. 29 Cyc. 556. *Cameron v. Duluth Superior Traction Co.*, 94 Minn. 104, 102 N. W. 208. The appellant urges that, under the authority of *Vinnette v. Northern Pac. R. Co.*, 47 Wash. 320, 91 Pac. 975, the parents were guilty of negligence in permitting the boy to go upon the street attended only by his sister. In that case a child six years of age was permitted, unattended,

to cross the tracks of a switch yard in front of the home. This was held to be negligence upon the part of the parents.

It is next contended that the court erred in giving certain instructions, and in its refusal to give other instructions requested, touching the question of the negligence of the appellant, the contributory negligence of the respondents, and the sufficiency of the fender. The latter question has been disposed of. On the question of negligence, the court instructed, in substance, that the burden was upon the respondents to establish some act of negligence alleged in the complaint by a preponderance of the evidence and that the negligence of the appellant was the proximate cause of the death of the child; that negligence consists in doing some act which reasonable prudence forbids or in failing to do some act that like prudence would direct; that the law requires a street railway company to exercise reasonable care in the operation of its cars; that whether it has exercised such care is a relative question; and that it is required to exercise a higher degree of care at crossings, where pedestrians are "more likely to be," than at other points. The latter part of the instructions is criticized. The standard of due care in a given case is what a reasonably prudent man would do under the same circumstances. Surely it cannot be gainsaid that the prudent man would exercise greater care in the operation of a car at crossings, where he is likely to encounter many people, than he would at other places where there are fewer people. *Forrestal v. Milwaukee Elec. R. & Light Co., supra.*

Upon the question of contributory negligence, he instructed that the burden of establishing contributory negligence by a preponderance of the evidence was upon the appellant; that the contributory negligence which would prevent recovery would be some act upon the part of the respondents, the girl who accompanied the boy as their agent, or the boy himself; that if they should find from the evidence that it was negligence to send the boy out, considering his age, negligent to

leave him alone upon the street, or if the child negligently, carelessly, and heedlessly went in front of the car, and that any of these acts contributed to his injury, there could be no recovery.    There was no error in the instructions given, or in refusing the instructions requested.

Finally, it is contended that the verdict is excessive.    The evidence shows that the father is blind; that his business is selling notions, and that he intended to use the boy, when he reached the proper age, to lead him about after school hours and during vacation.    The boy was a bright boy, in good health.    The jury was instructed that the respondents could only recover the value of the boy's services during his minority in excess of his maintenance and education.    The amount found was within the evidence and, while we think it is liberal, we cannot say that it is excessive.

The judgment is affirmed.

RUDKIN, C. J., FULLERTON, MOUNT, and PARKER, JJ., concur.