# McKinney *v.* The Baltimore and Ohio Railroad Company, Appellant.

*Negligence—Railroads—Grade crossings — Children — Death — Proximate cause—Contributory negligence of parents.*

1. Whether a railroad company was negligent in running a locomotive without warning over a grade crossing, where the approach to the crossing was concealed by a building close to the track, and if negligent whether its negligence was the proximate cause of the death of a child of tender years who was struck by the locomotive in attempting to cross the track, were questions for the jury, where there was evidence that the child was familiar with locomotive signals and that none were given as the engine approached

and though warned by a playmate started over the tracks declaring that he would "beat it across." Because of the absence of signals the child might have believed that no locomotive was approaching, notwithstanding his playmate's warning, and his expression as he started over might have been used in a slang sense and did not necessarily show that he was aware of the proximity of the train.

2. Where in such case the parents of the deceased child were poor working people, although one of them was at home and knew that his child was playing in the street, yet as the child was in charge of children old enough to take care of him, the question whether or not the parents were guilty of contributory negligence was for the jury.

Argued Oct. 8, 1914. Appeal, No. 20, Oct. T., 1914, by defendant, from judgment of C. P. Washington Co., Feb. T., 1913, No. 99, on verdict for plaintiff in case of Charles F. McKinney and Nellie May McKinney v. The Baltimore and Ohio Railroad Company. Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for the death of a minor child. Before RUPPEL, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiffs for $1,800 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were in refusing to direct a verdict for defendant, and in refusing to enter judgment for defendant n. o. v.

*Norman E. Clark,* with him *Winfield McIlvaine,* for appellant.—The negligence of the defendant if proved was not the proximate cause of the injury complained of: Nashville, C. & St. L. R. Co. v. Harris, 142 Ala. 249 (37 So. Repr. 794); St. Louis, Iron Mountain and Southern Railway Co. v. Denty, 63 Ark. 177 (37 S. W. Repr. 719).

*Rufus S. Marriner,* with him *James A. Wiley,* for appellee, cited: Hoag v. Railroad Company, 85 Pa. 293.

OPINION BY MR. JUSTICE MOSCHZISKER, January 2, 1915:

This was an action to recover damages for the death of a minor child; the verdict was for the plaintiffs and the defendant has appealed.

There was a conflict in the testimony on some of the material issues; but, since the verdict was for the plaintiffs and the evidence relied upon by them was sufficient to that end, for purposes of review, we must take the following facts as established: That the accident happened about dusk in the evening of October 3d, 1912; that the child who was killed was 6½ years old; that he resided with his parents on College street, in the Borough of Washington, Washington County, near the place of the accident, and had lived there since the previous February; that he and his parents were familiar with the location of the railroad and the sounds which come from locomotive bells and whistles; that at the location in question the main line of the defendant's road was elevated over College street, but there was a side track on the surface which crossed this street and ran into the yard of a manufacturing plant; that a building used as a machine shop was erected on one side of the street, running along the railroad about 25 feet, with only about one foot, three inches between it and the railroad tracks; that on the day of the accident the plaintiffs' boy accompanied by several other children came along College street walking toward the railroad on the side of the street on which the machine shop was erected; that one of these children was a girl about 13 years of age, another a girl over 10, and still another, a girl, whose age is not given in the record, but whose testimony shows her to have been of mature mind and indicates that she probably was older than the other children; that when the children were on the pavement in

front of the machine shop they heard the rumble of an approaching locomotive, and the last mentioned girl said something to the other children about a train coming and grasped the arm of the plaintiffs' boy to hold him back, but he broke away from her and started across the track, saying, "me can get across," or that he would "beat it across"; that from the point on the pavement where the children were standing they could not and did not see the train until "it came out past the machine shop"; that no bells were rung, whistles blown or other warning given of the approach of the train; finally, that, although theretofore it had been customary to have some one stationed at the point of the accident to warn persons on the street of the approach of trains, on this day no one was there to perform that duty.

The question of the negligence of the defendant company was for the jury; but the appellant contends that, even though its negligence be admitted, yet, since one of the girls gave the boy warning of the approach of the train, it is clear the failure on its part to give such warning was not the proximate cause of the accident. In disposing of this contention, we cannot do better than to quote from the charge of the trial judge, where he stated, "If you find that the whistle was not blown or the bell rung, that would be an act of negligence...... but that would not warrant you in stopping there and saying 'now the company is responsible,' because there are other questions that you have to consider; for instance, the purpose of these signals is to give warning and if persons approaching a crossing receive warning, it does not make any difference whether the bell was rung or not......, and the railroad company says that because the plaintiffs' witnesses have said that the children who were with this young boy told him at the time that a train was coming,...... it makes no difference whether the bell was rung or not. That would be true ......if this had been a grown person, but we leave it to you to say whether it is equally true in the case of this

child; would it have made any difference to the child if the bell had been rung and the whistle blown, and might that have stopped the child in his effort to cross the track? The child, it seems, had been living there for some time in the vicinity of this crossing; had he become familiar with the running of the trains and the signals that were usually given? Did he think, notwithstanding the fact that his playmate said to him, 'the train is coming'—'Well, I know the signals of the train and I will go on anyhow'? Was that what impelled him to cross the track? All these things are for your consideration......If you find that the signals were not given and that the child was thereby induced to go across this track because of the absence of such signals ......that would charge this company with negligence." On the other hand, the jury were told that if they found to the contrary their verdict should be for the defendant. Thus it may be seen that the questions of the defendant's negligence and whether or not it was the proximate cause of the accident were both submitted fairly to the jury and answered against the appellant. None of the children actually saw the approaching train, and it well may be that this little boy did not appreciate the danger of the situation as he would have done had he heard the bell or whistle of the locomotive. His alleged remark to the effect that he would "beat it across" may have had no connection with the train; as contended by the appellees, it might have been a mere use of the slang expression "beat it," meaning to get away quickly—here, to get across the track quickly without reference to the train; however that may be, the whole matter was properly placed before the jury.

The appellant admits that the child was too young to be charged with contributory negligence, but it seriously contends that the parents were guilty on that score; this issue was likewise submitted to the jury and found against the defendant, and under the circumstances we do not see how the court below could have ruled it as a

matter of law. The parents were poor working people; there was no testimony concerning the mother, and while the father was at home and knew that his child was playing in the street, yet the boy was with other children, several of whom were old enough to take charge of him. Upon the principles governing the alleged contributory negligence of the parents, see Harkins v. Traction Co., 173 Pa. 146, 148; Evers v. Traction Co., 176 Pa. 376, 381, and Pittsburgh A. & M. Pass. Ry. Co. v. Pearson, 72 Pa. 169, 172.

The assignments of error are all overruled and the judgment is affirmed.