[No. 13707.  Department One.  July 21, 1917.]

RICHARD BRUNER et al., Appellants, v. ELSIE LITTLE et al., Defendants and Cross-Appellants, PACIFIC COAST CASUALTY COMPANY, Respondent.[1]

MUNICIPAL CORPORATIONS—STREETS—JITNEYS—LIABILITY ON BOND —STATUTES.  Under Rem. Code, § 5562-38, requiring a jitney bus operator to give bond conditioned to pay all damages which may be sustained by any person injured by his negligence, and § 5562-39 giving a cause of action against the principal and the surety on the bond "to every person injured . . . for all damages sustained" the same elements of damages for which recovery may be had against the principal enter into and form a part of the liability of the surety.

DEATH—STATUTES—ACTION ON JITNEY BOND.  Parents may recover for the death of a minor child, under Rem. Code, § 5562-39, giving a cause of action against the principal and surety on the bond of a jitney bus driver to "every person injured . . . for all damages sustained," which is not restricted to persons physically injured; especially in view of the further concluding provision that the surviving husband and child shall have an action on the bond for the death of the wife or mother, which was clearly intended to supplement the general statutes on the subject of wrongful death, Id., §§ 183, 184, giving a right of action to the wife or child for the death of the husband or father, and to the father or mother for the death of a child, already embraced within the term "any person injured" in the jitney act.

SAME—STATUTES—ACTION ON JITNEY BOND—IMPLIED REPEAL.  The concluding clause of Rem. Code, § 5562-39, giving a right of action against the principal and surety upon a jitney bus bond, to the surviving husband or child for the death of the wife or mother, was not intended to exclude recovery by parents for the death of a child, under Id., § 184; as repeals by implication are not favored, and

[1]Reported in 166 Pac. 1166.

§ 5562-39 of the jitney act gives the right of action "to any person injured" and this should be read in connection with the preexisting law on the subject of wrongful death.

MUNICIPAL CORPORATIONS—STREETS—JITNEYS — NEGLIGENCE — EVIDENCE—QUESTION FOR JURY. The negligence of the operator of a jitney bus, who ran down and killed a child, is a question for the jury, where there was evidence that the brakes of the car were defective and that he was exceeding the speed limit, with other evidence from which negligence could reasonably be inferred.

SAME—STREETS—JITNEYS—CONTRIBUTORY NEGLIGENCE—EVIDENCE— SUFFICIENCY. Where a child of tender years, killed by a jitney bus, tarried at the street curb, and looked up and down the street before attempting to cross, it cannot be said as a matter of law that she was guilty of contributory negligence in attempting to cross without taking any precautions for her safety.

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE OF PARENT. It is not contributory negligence for parents to permit a child 8½ years old to cross a street unattended in the residential section of a city.

Cross-appeals from a judgment of the superior court for King county, Albertson, J., entered May 13, 1916, in favor of the plaintiffs as to part of the defendants and dismissing as to one defendant, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for wrongful death. Reversed on plaintiffs' appeal; affirmed on defendants' appeal.

*Peterson & Macbride,* for appellants Bruner *et al.*

*S. D. Wingate,* for appellants Little *et al.*

*Geo. McKay* and *Henry S. Noon,* for respondent.

MAIN, J.—The plaintiffs in this action are the parents of Eleanor Bruner, a child eight and one-half years old, who was run over and instantly killed by a jitney bus. The defendants were Elsie Little and Bertram H. De Yoe, the owners and operators of the jitney (which, at the time of the accident, was driven by De Yoe) and the Pacific Coast Casualty Company. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiffs in the sum of fifteen hundred dollars. Upon the verdict, judgment was entered in favor of the plaintiffs, and against the

owners of the jitney. As to the Casualty Company, a judgment of dismissal was entered. The plaintiffs appeal from that portion of the judgment which dismissed the Casualty Company, and the owners appeal from the judgment rendered against them.

The facts necessary to an understanding of the questions presented are, substantially, these: On October 8, 1915, at about the hour of three o'clock in the afternoon, Eleanor Bruner was killed by being run over by the jitney on Eastlake avenue, not far from the intersection of that street with John street. Upon Eastlake avenue, there was operated a double-track street railway, and the traffic upon that street was heavy. The accident happened not in the business district of the city, but in a portion thereof devoted to residential purposes, with the exception of a local store or two. The plaintiffs, at the time, lived on the east side of the street where the accident happened. A few minutes before the accident happened, Eleanor Bruner left her home, came down the steps, crossed the sidewalk and the parking strip, delayed for an instant, looked up and down the street, and then attempted to cross. When she reached a point a foot or two to the west of the west rail of the west street car track, she was struck by the jitney. The street car, going north, had just passed, and a milk wagon was near the curb on the east side. The driver of the jitney, as he was met by the northbound car, was attempting to pass other automobiles, which were nearer the curb, and he testifies that he saw the child when he was about at the middle point of the street car as it went by. A number of persons who saw the accident testified as to the manner of its occurrence, but, as is usual in such cases, their testimony was not in harmony.

We will first consider the judgment of dismissal as to the Casualty Company. The first question upon this branch of the case is whether the parents constitute a class of persons who are entitled to a judgment against the surety company

under what is generally known as the Jitney Bus Act, ch. 57, Laws of 1915, p. 227 (Rem. Code, § 5562-37 *et seq.*). Section 2 (Id., § 5562-38) of this statute requires a bond to be given "for the faithful compliance by the principal of said bond with the provisions of this act and to pay all damages which may be sustained by any person injured by reason of any careless, negligent or unlawful act on the part of said principal, his agents or employees. . . ." Section 3 (Id., § 5562-39) gives a cause of action against the principal and surety upon the bond to "every person injured . . . for all damages sustained," and then follows a provision that recovery against the surety shall be limited to the amount of the bond. The concluding portion of the section is, "and a surviving husband and child or children shall have action for the death of the wife or mother caused by any such negligence."

The question, then, is whether every person injured is limited to the one physically injured, or whether the parents of the deceased child may recover. As to the principal mentioned in the bond, by the statute his liability is not different from what it was under the law at the time the act was passed, except as affected by the concluding clause of § 3. It is not claimed that the parents may not maintain an action against the principal for the death of their child, but it is contended that, in such case, the judgment cannot go against the surety company. It may be remarked, in passing, that the right to maintain an action cannot, in all cases, be limited to the person or persons physically injured, because, by the concluding clause of section 3, a cause of action is given to a class of persons not physically injured. The purpose of the law was not to change or alter the liability of the principal, but to require the operator of a motor propelled vehicle to file a surety bond, in order that persons injured might be able to recover against a responsible party. The act limits the amount of recovery against the surety, but contains no other limitation, unless the language "every person injured"

is to be given a restricted meaning. In the recent case of *Singer v. Martin*, 96 Wash. 231, 164 Pac. 1105, it was held that, under the provisions of the statute here quoted, the casualty company was liable for the same elements of damage which might be recovered against the principal, but the recovery against the surety was limited to the amount of the bond. It was there said:

"Appellants' dominant contention in this connection is that this evidence was inadmissible, especially as against the casualty company, the argument being that the statute (Laws 1915, ch. 57, p. 227; Rem. Code, § 5562-37 *et seq.*) requiring the jitney operator to give a bond, was not intended to provide protection against damages other than to the bodies of persons injured by such conveyance. We find no merit in this contention. By section 2 (Id., § 5562-38), the statute requires the bond to be given 'for the faithful compliance by the principal of said bond with the provisions of this act and to pay all damages which may be sustained by any person injured by reason of any careless, negligent or unlawful act on the part of said principal, his agents or employees.' Section 3 (Id., § 5562-39) gives a cause of action against the principal and the surety upon the bond to 'every person injured . . . for all damages sustained.' This language is too plain for construction. Clearly this means that the same elements of damages for which a recovery may be had against the principal enter into and form a part of the liability against the surety, the only statutory limitation being that the recovery against the surety shall be limited to the amount of the bond."

While the holding that the same elements of damages may be recovered against the casualty company as against the principal is not necessarily a holding that the same class of persons who have a right of action against the principal have also an action against the surety, it does show that the act should be given a reasonable construction for the purpose of carrying out the legislative intent.

The words "every person injured" may mean either (a) the person suffering the physical injury, or (b) a person who sustains loss or damage by reason thereof. If the first mean-

ing be adopted, the parents would have no cause of action against the bond; if the second, they would be within the class of persons who suffered loss or damage by reason of the death of the child, and would be entitled to judgment against the casualty company. By Rem. Code, § 183, the wife or children are given a cause of action for the death of the husband or father. *Whittlesey v. Seattle*, 94 Wash. 645, 163 Pac. 193. By § 184, the father, and, in case of his death or desertion, the mother, has a cause of action for the death of a child. *Mesher v. Osborne*, 75 Wash. 439, 134 Pac. 1092, 48 L. R. A. (N. S.) 917. These statutes were in force when chapter 57, Laws of 1915, was enacted. It will be seen that, in neither of these statutes, is a right of action given to the husband or children for the death of the wife or mother. By the concluding clause of section 3 of chapter 57, Laws of 1915 (Rem. Code, § 5562-39), a cause of action is given to the husband or children for the death of the wife or mother. Had it not been the legislative thought, when the jitney law was enacted, that the statutes then in force, giving a cause of action to the wife or children for the death of the husband or father, and a cause of action to the parents for the death of the child, should be considered in interpreting the law, it is unreasonable to suppose that there would have been created a cause of action in favor of the husband or children for the death of the wife or mother, and no provision made for a recovery on the part of the wife or children for the death of the husband or father. It may be with confidence asserted that the legislature did not intend such a harsh and unreasonable result as would follow if the husband or children have a right of action for the death of the wife or mother, but that the wife or children should not have a recovery for the death of the husband or father. If the parents have no cause of action against the casualty company for the death of a child, it would necessarily follow that the wife or children would not have such a cause of action for the death of the husband or father. It seems plain to us that the legislative intent was

that the words, "every person injured," should not be restricted to the person suffering the physical injury, but should be given their broader meaning as including the class of persons who would suffer loss or damage. If this were the sense in which the words were used, then the parents, under § 184 of the code, would be entitled to maintain an action for the loss or damage which they had sustained by reason of the death of the child. In *French v. Mascoma Flannel Co.*, 66 N. H. 90, 20 Atl. 363, the supreme court of New Hampshire construed a statute of that state which provided that, when the death of a person was caused by the wrongful act or neglect of another, which, if death had not ensued, would entitle the person injured to recover damages therefor, then, on the death of such person, his executors or administrators could recover damages for the "injury to the person" and estate of the deceased, and it was there held that the word "injury" includes (a) the injury to the person physically hurt, until he dies, and (b) the injury to his widow or children by reason of his death. It was there said:

"In addition to the injury to the deceased and to his estate, there may be recovered the injury to his family occasioned by his death. The word 'injury' in section 1, includes (1) the injury to the person injured until he dies, and (2) the injury to his widow, children, or heirs by reason of his death."

The next question on this branch of the case is whether the fact that the legislature created a cause of action in favor of the father or children for the death of the wife or mother indicates an intention to exclude recovery for another class of persons. Section 184 of the code, as already stated, gives a cause of action to the father, and, in case of his death, or desertion of his family, to the mother, for the death of a child. The class of persons that may recover under this statute is different from the class that may recover under the clause found in section 3 of the jitney act. Repeals by implication are not favored, and will only be indulged where the

implication is a necessary one. In *Mesher v. Osborne, supra,* it was said:

"Repeals by implication are not favored and will only be indulged where the implication is a necessary one, that is, where without an implied repeal of the earlier act there would exist an inharmony in the body of the law irreconcilable on any conceivable theory reasonably compatible with the purpose of the later act."

If the preexisting law is to be read in connection with the jitney act, as we believe it should, there is no inharmony in giving force and effect to both § 184 of the code, and the concluding clause in section 3 of that act. We think that the legislature, by giving a cause of action to the husband and father for the death of the wife or mother, did not intend to deny a recovery to the parents for the death of a child.

Upon the appeal of De Yoe and Elsie Little, the first point presented is based upon the assumption that the casualty company was not a proper party to the action. In view of what has already been said, we need not further consider this question.

The two other questions presented by these appellants are, first, that no negligence was shown; and second, that both the child and its parents were guilty of contributory negligence. Upon the question of the negligence of the driver of the jitney, there was evidence that the brakes of the car were defective, and that, at the time of the accident, the speed limit fixed by the ordinance of the city was being exceeded. There is also evidence from which negligence could reasonably be inferred in view of the attendant circumstances, even though the jitney was being driven within the speed limit fixed by the ordinance. Without further review of the evidence, it may be stated that we think the question of negligence was plainly one for the jury. Upon the question of contributory negligence on the part of the child, the evidence shows that the child, before attempting to cross the street, tarried at the curb, looked up and down the street, and then

attempted to cross. It cannot be said, under this evidence, that she attempted to cross without taking any precautions for her safety and, therefore, was guilty of contributory negligence. As to the parents, it was not contributory negligence for them, as a matter of law, to permit a child, eight and one-half years old, to cross the street unattended. *Tecker v. Seattle, Renton & Southern R. Co.*, 60 Wash. 570, 111 Pac. 791, Ann. Cas. 1912B 842; *Sundstrom v. Puget Sound Traction, Light & Power Co.*, 90 Wash. 640, 156 Pac. 828.

The judgment against De Yoe and Elsie Little will be affirmed. The judgment dismissing the Pacific Coast Casualty Company will be reversed, and the cause remanded with direction to the superior court to enter a judgment against that company upon the verdict.

ELLIS, C. J., MORRIS, and WEBSTER, JJ., concur.