ARTHUR DICKEY v. JULIUS E. HAES.[1]

October 25, 1935.

No. 30,428.

[1]Reported in 262 N. W. 869.

*Sexton, Mordaunt, Kennedy & Carroll,* for appellant.

*H. L. & J. W. Schmitt* and *Charlotte Farrish,* for respondent.

I. M. OLSEN, JUSTICE.

Defendant appeals from an order denying his alternative motion for judgment or a new trial after verdict in favor of plaintiff.

Plaintiff, as special administrator of the estate of Marcella Anne Dickey, his daughter, brought the action to recover damages for her death, claimed to have been caused by the negligence of the defendant in operating his automobile on a public highway. The deceased was a child within a few days of seven years of age. The accident happened on July 24, 1934, in the daytime, as the child was crossing a highway.

1. The negligence of the defendant is so well established by the evidence that it is not necessary here to set out the particulars thereof.

2. There is no claim that the decedent was guilty of contributory negligence, but it is claimed that the mother was guilty of such negligence. While satisfied that the mother's alleged negligence was a question of fact for the jury, the situation and circumstances surrounding the accident may be very briefly outlined. The deceased had accompanied her mother and her brother Cecil, 14 years of age, to the small village of Good Thunder, in Blue Earth county in this state. They drove in the family car, herein referred to as plaintiff's car. After doing some errands in the village, they started to drive back to their farm home, going west on the highway here

in question. This highway was a graveled road, the gravel part being about 24 feet wide at the place of the accident. Within, but at the west edge of the village, they drove into a filling station, located on the south side of the highway and set back about 40 feet from the south edge thereof, for the purpose of buying some gasolene for the car. Cecil was driving the car. While stopping at the filling station, Cecil went north across the highway to a dwelling house to get a drink. The child Marcella then asked her mother if she could go across the road to get a drink and was given permission so to do. There was at this time one other car at the filling station, referred to as the Flemming car, which had been served with gasolene and had then driven out on the curved driveway to near the edge of the highway and there stopped. The position of this car was some distance to the west and north of the filling station pumps, where plaintiff's car was standing. Marcella and her mother were sitting in the plaintiff's car. After being given permission, the child got out of the car and, according to the mother's testimony, ran or hopped from there down to the edge of the graveled highway, there stopped and looked, and then started to walk across the highway. When she had arrived at the center of the graveled highway, or just past the center thereof, she was struck by defendant's car, coming from the west at an excessive rate of speed, and was injured so that she died shortly thereafter.

The mother testified that before permitting Marcella to go across she looked down the highway and saw no car approaching; that she then watched the child going down to the highway, saw her stop and look, and watched her until she reached the center of the highway or was a little past the center, and then saw her struck by the defendant's car; that she did not see the defendant's car until the moment of the accident. The son Cecil, who was up near the house where he had gotten a drink of water, testified substantially the same, that he saw Marcella come up to the road, stop, and then walk across the highway; that she was struck when at the center of the road. The evidence further shows that the home of these parties was on this same highway some distance farther west; that Marcella had been attending school and in so doing

walked back and forth, and crossed back and forth, over this highway; that she was well acquainted with the highway and with the traffic ordinarily moving thereon. As far as appears, she was of the average intelligence and experience of a child of her age. While this highway was a well traveled road, the evidence does not show that there was any other traffic thereon at the time and place of the accident except the defendant's car. In this situation, we are asked to hold as a matter of law that the mother was guilty of negligence in permitting the child to cross the highway, in not keeping a closer outlook for cars, and in not seeing defendant's car in time to have warned the child or to have prevented her from going onto the highway. We conclude, as already stated, that the question was a question of fact for the jury and that it cannot be said that as a matter of law the mother was negligent.

In the case of Converse v. Adleman, 153 Minn. 306, 309, 190 N. W. 340, 341, the child injured was four and a half years old. It was sought to hold the parents guilty of contributory negligence the same as here. The jury found that the parents were not negligent. In the opinion it is stated:

"There is a clear distinction between cases where parents allow young children to use as a playground a street which is a thoroughfare for automobiles and cases like the one at bar, where children of the age and intelligence of these two boys are allowed to cross a street in front of their parents' home at an hour of day when travel was not particularly heavy and one crossing the street will be in the plain sight of automobile drivers. Generally speaking, a parent who permits his young child to go upon the street unattended is not to be held negligent as a matter of law. Much depends on the age, intelligence and physical ability of the child and the amount of travel on and use made of the street. The question to be determined is whether the parent took as much care of his child as reasonably prudent persons of the same class would ordinarily take."

The child accompanying the one injured in that accident was seven years of age.

The case of Hollander v. Dietrich, 181 Minn. 376, 232 N. W. 630, while not in point on the facts, discusses the question of the negligence of young children.

The annotations to the case of Dattola v. Burt Brothers, commencing on page 209 of 51 A. L. R., cite numerous cases on both sides of the question here involved. The great majority of these cases hold that as to a child of the age of the child Marcella, under circumstances similar to those here shown, a question of negligence of the parents is a question of fact and not one of law. In some of the cases it is held as a matter of law that the parents were not guilty of negligence. It may be of interest to note City of Chicago v. Hesing, 83 Ill. 204, 25 Am. R. 378; Cleveland, C. C. & St. L. Ry. Co. v. Keely, 138 Ind. 600, 37 N. E. 406; Barksdull v. New Orleans & C. R. Co. 23 La. Ann. 180; Daubert v. Delaware, L. & W. R. Co. 199 Pa. 345, 49 A. 72; Saxton v. Pittsburgh R. Co. 219 Pa. 492, 68 A. 1022; Daly v. Hinz, 113 Cal. 366, 45 P. 693; Chicago, St. L. & P. Ry. Co. v. Welsh, 20 Ill. App. 657; Miller v. Flash Chemical Co. 230 Mass. 419, 119 N. E. 702; McDermott v. Boston Elev. Ry. Co. 184 Mass. 126, 68 N. E. 34, 100 A. S. R. 548; Ayers v. Ratshesky, 213 Mass. 589, 101 N. E. 78; McKinney v. Baltimore & O. R. Co. 247 Pa. 217, 93 A. 287; Tecker v. Seattle, R. & S. Ry. Co. 60 Wash. 570, 111 P. 791, Ann. Cas. 1912B, 842; Bruner v. Little, 97 Wash. 319, 166 P. 1166; Johnson v. Chicago & N. W. Ry. Co. 49 Wis. 529, 5 N. W. 886; Holdridge v. Mendenhall, 108 Wis. 1, 83 N. W. 1109, 81 A. S. R. 871.

3. There are two assignments of error as to rulings of the trial court on evidence. We have examined these rulings and find no serious question presented by them.

4. Misconduct of counsel for plaintiff in his argument to the jury is alleged. The statements complained of are not of such prejudicial nature as to require a reversal even if they were held to be misconduct, which we do not hold.

5. The court, in addition to instructing the jury as to other statutory rules of the road, also submitted that provision of the statutes which provides as follows [1 Mason Minn. St. 1927, § 2720-9]:

"Upon all highways of sufficient width * * * the driver of a vehicle shall drive the same upon the right half of the traveled portion of the highway, * * * unless it is impracticable to travel on such side of the highway and except when overtaking and passing another vehicle."

and stated that a violation of that statute would constitute negligence. This is claimed to have been error. There is evidence in the case which justifies this part of the charge. The testimony of the mother, and the situation of the car and the girl after she was struck, would justify a finding that the car was over the center line of the highway to some extent at the time of the accident. There is also some other evidence, we believe, that the defndant was driving in the center of the highway, which would put him partly on the wrong side.

6. Finally, it is claimed that the damages awarded are excessive. The verdict for the death of this child was $3,500. Of this, $150 consisted of expenses incurred. The verdict has been sustained by the trial court, and we do not find it so excessive as to justify us in reducing it or granting a new trial on that ground. See Stadtherr v. City of Sauk Center, 180 Minn. 496, 231 N. W. 210, and Drimel v. Union Power Co. 139 Minn. 122, 165 N. W. 1058, where a verdict of $3,500, in the one case for the death of a child about five and a half years old, and a verdict reduced to $3,400 in the other case for the death of a child between five and six years old, were sustained.

The order appealed from is affirmed.