THE CITY OF SEATTLE, *Respondent,* v. CARL WRIGHT, *Appellant.**

*Robert S. Egger,* for appellant.

*A. L. Newbould* and *J. Roger Nowell,* for respondent.

OTT, J.†—On June 10, 1966, Judge Story Birdseye of the Superior Court for King County entered the following findings of fact and conclusions of law.

### FINDINGS OF FACT

#### I

That on or about December 31, 1965 at 12:45 p.m., in The City of Seattle, County of King, State of Washing-

*Reported in 433 P.2d 906.

---

†Judge Ott is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

ton, the defendant, Carl Wright, while driving a 1963 Chevrolet automobile southbound in a roadway behind 1051 First Avenue South, Seattle, did lose control of said vehicle, thereby causing it to collide with another vehicle which was lawfully parked on the western edge of said roadway.

## II

That the defendant, Carl Wright, was under the influence of or affected by the use of intoxicating liquor while so operating his automobile and his ability to drive was impaired thereby to such a degree that his intoxication was the sole and proximate cause of the collision.

## III

That the roadway on which the defendant was driving while he was intoxicated is private property owned by the Union Pacific Railroad; that said roadway is an improved, hard-surfaced road approximately twenty-five (25) feet in width, excluding its unimproved shoulder portions; that said roadway is used by a large number of people who work in the immediate area and who customarily park their vehicles along both sides of the road; that said roadway is also used, daily and with frequency, by commercial vehicles which make deliveries to and from several commercial establishments abutting thereon; that said roadway is approximately two blocks in length and may be entered from any of the public ways which bound it on the north, south, east and west; that at one of the four access points to said roadway, there is posted a sign reading: "Private Thoroughfare—10 MPH".

## IV

That the roadway hereinbefore described is open to use by the public and is commonly and customarily so used.

### Conclusions of Law

## I

That Section 21.26.020, Ordinance 91910 of The City of Seattle provides in part as follows:

> "It shall be unlawful for any person who is under the influence of or affected by the use of intoxicating liquor . . . to drive . . . any vehicle . . . upon the streets or ways open to the public."

## II

That Section 21.04.960, Ordinance 91910 of The City of Seattle defines "way open to the public" as

". . . any road, alley, lane, parking area or any place, private or otherwise, adapted to and fitted for travel, that is in common use by the public with the consent, expressed or implied, of the owner or owners thereof . . ."

## III

That the roadway on which the defendant was operating his automobile at the time and place charged in the complaint was at such time a road adapted to and fitted for travel and was commonly used by the public with consent of the owners thereof.

## IV

That the defendant is guilty of operating a motor vehicle in a negligent manner as charged in Count II of the complaint.

## V

That the defendant is guilty of operating a motor vehicle while under the influence of or affected by the use of intoxicating liquor as charged in the complaint.

From the entry of judgment and sentence imposed, Carl Wright has appealed. The cause is here for review upon a short record. Appellant states his point on appeal as follows:

That the Seattle City Ordinance for operating a motor vehicle while under the influence of intoxicating liquor and negligent driving does not apply when the offense is committed on private property owned by a railroad company.

Article 11, section 11 of the Washington State Constitution provides:

Any . . . city . . . may make and enforce within its limits all such local police, sanitary and other regulations as are not in conflict with general laws.

RCW 35.22.280(36) provides that cities of the first class have the power to "provide for the punishment . . . of all practices dangerous to public . . . safety, . . . ."

■ A vehicular traffic regulation enacted for the safety of the public's use of roadways is within the governing authorities' constitutional police power. See *Gnecchi v. State*, 58 Wn.2d 467, 471, 364 P.2d 225 (1961); *Rawson v. Department of Licenses*, 15 Wn.2d 364, 369, 130 P.2d 876 (1942); *Tecker v. Seattle, Renton & S. Ry.*, 60 Wash. 570, 111 Pac. 791 (1910). Municipal ordinances enacted in the exercise of the municipalities' police power are presumed to be valid enactments. See *Lenci v. Seattle*, 63 Wn.2d 664, 388 P.2d 926 (1964); *Woodward v. Seattle*, 140 Wash. 83, 248 Pac. 73 (1926); *Wood v. Seattle*, 23 Wash. 1, 62 Pac. 135 (1900). When the public is invited to use property, privately or publicly owned, a city of the first class may enact regulations governing the public use thereof which relates to public safety or health. See *Brennan v. Seattle*, 151 Wash. 665, 276 Pac. 886 (1929); *Shepard v. Seattle*, 59 Wash. 363, 109 Pac. 1067 (1910).

The constitutional limitation on a municipality's exercise of its police power is that such municipal regulations not "conflict with general laws." Const. art. 11, § 11. See *Lenci v. Seattle, supra; Winkenwerder v. Yakima*, 52 Wn.2d 617, 328 P.2d 873 (1958); *Kimmel v. Spokane*, 7 Wn.2d 372, 109 P.2d 1069 (1941). When a municipal traffic ordinance conflicts with state law the ordinance must yield to the state statute. *Fazio v. Eglitis*, 54 Wn.2d 699, 344 P.2d 521 (1959). See RCW 46.08.020. A state statute is not to be construed as impliedly taking away an existing power of a city of the first class if the two enactments can harmonize. *Ayers v. Tacoma*, 6 Wn.2d 545, 108 P.2d 348 (1940).

■ RCW 46.04.431 defines highway as "the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel." Appellant contends that the city ordinance does not apply because he was driving his motor vehicle on a private roadway which was not publicly maintained. He concludes that "[T]he obvious legislative intent was to exclude private property from the classification of 'public highway'." We agree with

appellant's contention in this regard. The legislative enactment is limited to roadways publicly maintained. This state statute does not regulate vehicular traffic on private roadways not publicly maintained which have been opened to public use.

Seattle ordinance 91910, § 21.04.960 defines "Way open to the public" as

any road, alley, lane, parking area or any place, private or otherwise, adapted to and fitted for travel, that is in common use by the public with the consent, expressed or implied, of the owner or owners, . . . and rights of way open to the use of the public.

The record does not establish that the roadway in question was publicly maintained. Nor is the issue raised in appellant's brief. We therefore assume this fact to be conceded.

The street in question was surfaced and improved in such a manner that it was hardly distinguishable from the adjacent publicly maintained thoroughfares. The public was invited to use the roadway and it was extensively so used. The owner made no travel restrictions except as to speed (10 m.p.h.). The Seattle municipal authorities, in the proper exercise of the city's police power by this cited ordinance, have regulated vehicular use by the public on such property. The regulations imposed were in keeping with those enacted to govern publicly maintained thoroughfares.

We hold that the questioned ordinance does not conflict with, nor is it repugnant to any existing state traffic regulation. We find no merit in appellant's contention as stated in his point on appeal that the ordinance does not apply to Carl Wright's operation of his motor vehicle upon the privately owned roadway which had been opened to public use by the railroad company. The judgment of the trial court is affirmed.

FINLEY, C. J., HILL, DONWORTH, and HAMILTON, JJ., concur.